**David M. VEILE, Appellant (Plaintiff),**

v.

**BOARD OF COUNTY COMMISSIONERS OF WASHAKIE COUNTY, Wyoming; Thomas K. Bosch; Edward Schmeltzer; and Marion Barngrover, Appellees (Defendants).**

No. 93–43.

Supreme Court of Wyoming.

Oct. 14, 1993.

James P. Castberg, Sheridan, for appellant.

Judith Studer of Schwartz, Bon, Walker & Studer, Casper, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

This innovative action involves a former elected official seeking recovery of damages pursuant to allegations that he was forced to resign his office of county coroner because he was denied sufficient budgetary funding for the expenses of his office and prevented from performing his required duties. The damages assigned were expenses of continuing education, compensation for failure to provide medical and hospitalization insurance and general damages for his "forced termination." The former coroner filed suit against the Board of County Commissioners of Washakie County, Wyoming and three present or former county officials. The district court dismissed the action against the Board of County Commissioners finding that sovereign immunity barred relief. After discovery had been completed, the district court granted a motion for summary judgment in favor of the county officials.

We affirm.

## I. ISSUES

Appellant, the former coroner, identifies the following issues:

I. Assuming the facts alleged in the Plaintiff's Complaint are true and viewed in a light most favorable to the Appellant, the District Court erred in granting the Appellees' Motion To Dismiss as to the Appellee Board of County Commissioners of Washakie County, Wyoming.

II. Giving the Appellant the benefit of every favorable inference and reasonable doubt, based upon the pleadings and the discovery, there are genuine issues of material fact which preclude the granting of the Motion For Summary Judgment for the individual Appellees.

## II. FACTS

After being elected to four terms of office as a county coroner, David M. Veile (Veile) resigned effective June 30, 1989. Veile informed the Board of County Commissioners of Washakie County, Wyoming (Commissioners) that he was forced to resign because he would no longer be certified to perform his duties. Veile attributed his failure to comply with a continuing education requirement to the Commissioners' inadequate budget allocation for his office.

Veile filed a claim under the Wyoming Governmental Claims Act with the Commissioners on January 7, 1991. Veile alleged that the Commissioners' budget allocations did not provide sufficient reimbursement for necessary expenses of continuing education. In addition, Veile sought compensation for the Commissioners' refusal to provide medical and hospitalization insurance benefits to him prior to 1987. Veile claimed $24,727.07 for expenses and insurance costs and $150,000.00 in damages resulting from his "forced termination." The Commissioners denied the claim.

Veile filed suit in district court on March 11, 1991. Veile alleged the Commissioners' inadequate budget allocations and refusal to provide insurance benefits constituted interference with the performance of his official duties. Veile also alleged causes of action against three present or former county officials. According to Veile, Thomas K. Bosch (Bosch) and Edward Schmeltzer (Schmeltzer), while serving as Commissioners, and Marion Barngrover (Barngrover), while serving as County Clerk and County Budget Officer, had individually committed intentional torts by interfering with the performance of Veile's duties as county coroner and discriminating against him. In addition to the general and special

damages previously claimed against the Commissioners, Veile sought damages of $100,000.00 each from Bosch, Schmeltzer and Barngrover.

The Commissioners filed a motion to dismiss contending the cause of action against them was barred by the Wyoming Governmental Claims Act. The district court agreed. The district court ruled that Veile had failed to state a claim because, as a governmental entity, the Commissioners were entitled to immunity.

After extensive discovery proceedings, including lengthy depositions, Bosch, Schmeltzer and Barngrover filed a motion for summary judgment. Bosch, Schmeltzer and Barngrover maintained that they were immune from suit because their actions were within the scope of their duties and the causes of action Veile brought were not among those specifically authorized by the Wyoming Governmental Claims Act. The district court granted summary judgment in favor of Bosch, Schmeltzer and Barngrover.

### III. DISCUSSION

A. *Dismissal of the Board of County Commissioners*

■ The accepted standard for appellate review of a district court order granting a motion to dismiss requires that the facts alleged in the complaint be accepted as true and viewed more favorably to the party opposing the dismissal. *Park County v. Cooney*, 845 P.2d 346, 349–50 (Wyo.1992); W.R.C.P. 12(b)(6). Dismissal under W.R.C.P. 12(b)(6) is a drastic remedy which should be granted sparingly. *Kautza v. City of Cody*, 812 P.2d 143, 145 (Wyo. 1991).

The Wyoming Governmental Claims Act (hereinafter Governmental Claims Act) Wyo.Stat. §§ 1–39–101 to 1–39–120 (1988 & Cum.Supp.1993), creates statutory exceptions to sovereign immunity.

 (a) A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as pro-

vided by W.S. 1–39–105 through 1–39–112.

Wyo.Stat. § 1–39–104(a). A board of county commissioners is a governmental entity for purposes of the Governmental Claims Act. Wyo.Stat. § 1–39–103(a)(i) and (ii). Therefore, sovereign immunity bars recovery unless the well-pleaded allegations of the complaint demonstrate either that the tort on which Veile's cause of action was premised was one of those enumerated exceptions or that the Commissioners acted outside the scope of their duties in allocating the budget and determining compensation for the county coroner's office.

■ A claim not specifically authorized under the Governmental Claims Act is barred. *Worden v. Village Homes*, 821 P.2d 1291, 1295 (Wyo.1991). The authorized exceptions to sovereign immunity permit actions premised on negligent operation of certain governmental vehicles, Wyo.Stat. § 1–39–105; negligent operation or maintenance of certain governmental facilities, Wyo.Stat. § 1–39–106; negligent operation of airports, Wyo.Stat. § 1–39–107; negligent operation of public utilities and services, Wyo.Stat. § 1–39–108; negligent operation of public hospitals, Wyo.Stat. § 1–39–109; negligent performance of health care providers employed by governmental entities, Wyo.Stat. § 1–39–110; and tortious acts of peace officers, Wyo.Stat. § 1–39–112.

The cause of action stated by Veile against the Commissioners was not one of those specifically enumerated by the Governmental Claims Act. Furthermore, the allegations of the complaint did not establish that the Commissioners were acting beyond the scope of their duties in allocating the budget and determining compensation for the county coroner's office. Commissioners are required by law to make such decisions on behalf of the people of the county. Wyo.Stat. § 18–3–504(a)(ii) (1977 & Cum.Supp.1993) (stating power and duty of board of county commissioners to examine and settle all accounts and expenses of county); Wyo.Stat. § 18–3–107 (1977 & Cum.Supp.1993) (requiring board of county commissioners to establish sala-

ries for officials which shall not be changed during the term of office of that official); Wyo.Stat. § 7–4–210 (1987) (stating that county coroner receives fees and mileage, if any, as determined by the board of county commissioners).

We affirm the district court's order dismissing the cause of action against the Commissioners. Veile failed to state a claim under the Governmental Claims Act upon which relief can be granted. W.R.C.P. 12(b)(6).

### B. Summary Judgment In Favor Of Bosch, Schmeltzer and Barngrover

■ The district court's order granting summary judgment in favor of Bosch, Schmeltzer and Barngrover will be affirmed on appeal if there are no disputed material facts and this court determines that the county officials were entitled to judgment as a matter of law. The Prudential Preferred Properties v. J And J Ventures, Inc., 859 P.2d 1267, 1271, (Wyo. 1993); Powder River Oil Co. v. Powder River Petroleum Corp., 830 P.2d 403, 406–07 (Wyo.1992); W.R.C.P. 56(c).

■ The district court found that Bosch, Schmeltzer and Barngrover, as county officials at the time of their challenged actions, acted within the scope of their duties as a matter of law. We agree. While the question whether a governmental employee is acting within the scope of duties is normally an issue of fact, it becomes one of law "when only one reasonable inference can be drawn from the evidence." Jung-Leonczynska v. Steup, 782 P.2d 578, 582 (Wyo.1989).

Bosch, Schmeltzer and Barngrover were elected officials during the period when Veile claimed the tortious conduct occurred. The Governmental Claims Act defines a public employee as "any officer, employee or servant of a governmental entity, including elected or appointed officials * * *[.]" Wyo.Stat. § 1–39–103(a)(iv)(A) (emphasis added). A public employee acts within the scope of duties by "performing any duties which a governmental entity requests, requires or autho-

rizes a public employee to perform regardless of the time and place of performance * * *[.]" Wyo.Stat. § 1–39–103(a)(v) (emphasis added). Bosch, Schmeltzer and Barngrover were entitled to judgment as a matter of law if the only reasonable inference that could be drawn was that they acted within the scope of their requested, required or authorized duties.

Bosch and Schmeltzer served as members of the Board of County Commissioners of Washakie County during the period Veile alleged insufficient budget allocations were made and inadequate compensation levels were determined. Approving budgets and determining compensation for the county coroner's office are statutory functions expressly within the scope of duties required of a member of a board of county commissioners. Wyo.Stat. § 18–3–504(a) (budgets); Wyo.Stat. § 18–3–107 (salaries); Wyo.Stat. § 7–4–210 (coroner's fees and mileage). Bosch and Schmeltzer were acting within the scope of their duties.

■ Barngrover formerly served as both the County Clerk and County Budget Officer of Washakie County. The Wyoming State Legislature has declared that service by a county clerk in such a dual capacity is "compatible." Wyo.Stat. § 18–4–103 (1977). The office of county clerk is a statutory creation. Wyo.Stat. §§ 18–3–401 to 18–3–402 (1977 & Cum.Supp.1993). County clerks are required to perform all duties and general accounting necessary to implement the Uniform Municipal Fiscal Procedures Act, Wyo.Stat. §§ 16–4–101 to 16–4–124 (1990 & Cum.Supp.1993), on behalf of the people of the county. Wyo.Stat. § 18–3–402(a)(xxiii). The Uniform Municipal Fiscal Procedures Act mandates that the budget officer must prepare a tentative budget for submission to the board of county commissioners. Wyo.Stat. § 16–4–104(a). As county clerk and budget officer, Barngrover was acting within the scope of her duties in preparing budgets during the time Veile alleged she committed tortious conduct.

■ Veile contends, in essence, that Bosch, Schmeltzer and Barngrover could not have acted within the scope of their

duties because their actions toward him constituted intentional torts. It is not necessary to the resolution of this case to determine whether Wyoming recognizes the tort of intentional interference with a right to vote or hold office, Restatement (Second) Torts § 865 (1979), or whether that tort would be properly applied to these facts. We need only consider whether Veile has established, as a matter of law, that the acts which he complained of constituted intentional tortious conduct, i.e., acts or omissions of such a character as to subject the actor to liability under principles of the law of torts. Restatement (Second) Torts § 6 (1965).

Veile claims · Bosch, Schmeltzer and Barngrover intentionally interfered with the performance of the county coroner's official duties by failing to budget for necessary expenses. As an example of a necessary expense, Veile maintains he should have been compensated for the expenses his private mortuary incurred in hiring a licensed embalmer to operate the business while Veile attended required continuing education courses. *See* Wyo.Stat. § 7-4-103(a)(ii) (1987 & Cum.Supp.1993) (stating continuing education requirements of county coroners). Veile also finds intentional discrimination in the failure to provide medical and hospitalization insurance benefits to him prior to 1987 while other county officials received coverage. We hold these actions, and the others Veile alleged, do not constitute intentionally tortious conduct as a matter of law.

The official duties of a county coroner are statutory and specific. A county coroner is generally an elected officer of the county authorized to investigate the cause of death in certain enumerated cases. Wyo.Stat. § 7-4-104(a)(iii) (1987). By statute, the county must pay the "expense and costs" of conducting an investigation when one is required. Wyo.Stat. § 7-4-201(e) (1987 & Cum.Supp.1993). However, the board of county commissioners is given discretionary authority to approve the claim for expense and costs submitted by a coroner. "If the board of county commissioners finds that the inquest was neces-

sary and in accordance with law, and the accounts are correct and just, the accounts shall be paid in warrants properly drawn upon the order of the county commissioners." *Id.* The fees and mileage which a county coroner shall receive are determined by the board of county commissioners. Wyo.Stat. § 7-4-210. In addition, the board of county commissioners consents to the appointment of deputy coroners who receive the same compensation in fees and mileage provided for the county coroner. Wyo.Stat. § 7-4-102 (1987).

 The budget and compensation requests which Veile claimed were denied with intentional tortious conduct were not required by law to perform the official duties of a county coroner, conducting investigations into the cause of death in certain specified situations. Certainly, the county could not be charged with the expenses of operating Veile's mortuary while Veile attended continuing education courses. The compensation for attending such training is limited by statute and includes only travel and "other necessary expenses reasonably incurred in obtaining the required training." Wyo.Stat. § 7-4-103(c). In the plain meaning of the statute, the phrase, "expenses reasonably incurred" does not anticipate the expenses of operating a private business. The statute is referring to expenses for lodging or meals necessitated by out-of-town travel that are not paid by other means, such as per diem. *Id.* Similarly, Veile's other claims of intentional tortious conduct, the failure to purchase body bags for emergency preparedness kits or radio systems for the coroner's office, did not interfere directly with official duties to investigate a cause of death. As county officials, Bosch, Schmeltzer and Barngrover made or recommended budget choices within the scope of their duties.

 The alleged discrimination in insurance coverage reflects a choice by the governing body of the county, the Commissioners, of which full or part-time employees would be eligible for such benefits. Any claim of discrimination in providing such coverage was untimely since it was not brought within two years of the date of the

act, error or omission under the Governmental Claims Act and no statutory ground for the late discovery of the act, error or omission was alleged to invoke the jurisdiction of the court. *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo. 1993); Wyo.Stat. § 1–39–113(a). It is undisputed that Veile was provided insurance coverage in 1987 and no claim was filed until January 7, 1991.

From the evidence, the only reasonable inference that can be drawn is Bosch, Schmeltzer and Barngrover were acting within the scope of their duties at all relevant times. Therefore, they are entitled to immunity from liability for any tort except those enumerated within the Governmental Claims Act. Wyo.Stat. § 1–39–104(a). The tort claims Veile makes, interference with official duties and discrimination, are not included in those enumerated in the Governmental Claims Act for which sovereign immunity is waived. Wyo.Stat. §§ 1–39–105 to 1–39–112. Therefore, Bosch, Schmeltzer and Barngrover are entitled to summary judgment as a matter of law. *Sawyer v. City of Sheridan*, 793 P.2d 476, 478 (Wyo.1990).

## IV. CONCLUSION

The nature of these contentious claims disguises a more fundamental problem. In a time of diminishing revenue and increasing demand, scarce government money must be allocated according to some accountable priorities. The choices made by a board of county commissioners or any other legislative body often reflect imperfect solutions to difficult problems. In this instance, the attempt to find a personal remedy failed.

The decision of the district court is affirmed in all respects.