**In the Matter of the Workers' Compensation Claim of Donald H. McELREATH, Appellant (Employee–Claimant),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Defendant).**

No. 94–259.

Supreme Court of Wyoming.

Aug. 25, 1995.

L. Craig Clayton, Casper, for appellant.

Joseph B. Meyer, Attorney General; John W. Renneisen, Deputy Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and HARTMAN, District Judge.

THOMAS, Justice.

The only question to be resolved in this case is whether the district court abused its discretion in dismissing the attempt by Donald H. McElreath (McElreath) to obtain judicial review of an adverse decision by the hearing examiner for the Workers' Compensation Division (Division) for failure to comply with Wyo.R.App.P. 12.06. This case arises from a denial of workers' compensation benefits to McElreath. A second question is claimed by McElreath: whether the filed notice of appeal was sufficient to invoke the jurisdiction of the district court, when it failed to satisfy the requirements of Wyo. R.App.P. 12.06. The Division, however, concedes McElreath's notice of appeal was sufficient to invoke jurisdiction. We hold, because McElreath filed a notice of appeal which did not encompass the information required by Wyo.R.App.P. 12.06, rather than a petition for review, the district court did not abuse its discretion by invoking the dismissal sanction found in Wyo.R.App.P. 1.03. We affirm the district court.

In his Brief of Appellant, McElreath states the following issues:

1. Whether a district court must dismiss an appeal from an administrative agency action, where a notice of the appeal is timely given to the district court and all interested parties, but where the information in the appeal document does not strictly comply with the requirements of WRAP Rule 12.06 regarding a petition for review. In other words, this issue is whether the requirements of Rule 12.06 are jurisdictional, or whether a notice under WRAP Rule 2.07 that the appeal is taken satisfies the jurisdictional requirement.

2. Whether the "Notice of Appeal" filed in this case contained sufficient information to withstand dismissal for failure to comply with the requirements of Rule 12.06.

3. Whether, where notice that the appeal is taken is timely given, a District Court must find prejudice to a party or other sufficient grounds to dismiss an appeal, in order to dismiss an appeal for failure to comply with the requirements of Rule 12.06.

In the Brief of Appellee, the Division restates the issues in this way:

A. Whether the district court may exercise appellate jurisdiction over an appeal from an administrative agency action where the petition for review fails to comply with the requirements of Rule 12.06 of the Wyoming Rules of Appellate Procedure.

B. Assuming a district court may exercise its appellate jurisdiction where the petition for review fails to comply with the requirements of Rule 12.06 of the Wyoming Rules of Appellate Procedure, whether the district court abused its discretion in dismissing the Notice of Appeal for failure to comply with those requirements.

McElreath suffered a retinal detachment with a retinal tear in his left eye while at work. He attributed this to heavy lifting as a tool pusher for the well-drilling service where he was employed. He initially received benefits from the Division for the retinal eye injuries. Following a contested

case hearing, however, the hearing examiner found the benefits had been paid to McElreath erroneously. That finding was attributable to evidence from his treating physician and another expert witness, a board-certified ophthalmologist, that the injury, to a reasonable degree of medical probability, was not caused by McElreath lifting heavy objects at work. The hearing examiner denied any further benefits to McElreath, but he did not require that McElreath reimburse the Division for benefits already paid.

McElreath sought judicial review of the Findings of Fact, Conclusions of Law & Order Denying Benefits entered in the Office of Administrative Hearings. The procedural aspects of judicial review of decisions by administrative agencies are found in WYO. R.APP.P. 12. Specifically with respect to initiating review, WYO.R.APP.P. 12.06 provides:

The petition for review shall include:

(a) A concise statement showing jurisdiction and venue;

(b) The specific issues of law addressed to the district court for review;

(c) A brief statement of the facts relevant to the legal issues raised before the agency, showing the nature of the controversy in which the legal issues arose; and

(d) A copy of the agency decision shall be attached as an appendix.

The petition shall not exceed five letter pages in length, excluding appendix, and shall be in the format described in Rule 7.05(b).

McElreath did not file a petition for review but, instead, filed a notice of appeal. For purposes of comparison with WYO.R.APP.P. 12.06, we quote the notice of appeal:

Employee–Claimant Donald H. McElreath, by and through his attorney, and pursuant to the Wyoming Rules of Appellate Procedure, hereby gives notice to counsel of record and the Hearing Examiner that an appeal to the Wyoming Third Judicial District Court in and for Sweetwater County is hereby taken by the Employee–Claimant. Said Employee–Claimant further notifies the parties and the Court as follows:

1. The party taking this appeal is Donald H. McElreath.

2. The Order appealed from is the Order Denying Benefits on/or about May 26, 1994.

3. This appeal is to be taken to the Wyoming Third Judicial District Court.

4. Appended hereto are the claim herein and the said Order Denying Benefits.

DATED this 22nd day of June, 1994.

It is readily apparent that McElreath's notice of appeal, while perhaps marginally offering "a concise statement showing jurisdiction and venue," failed to articulate "the specific issues of law addressed to the district court for review," and it did not contain "a brief statement of the facts relevant to the legal issues raised." A copy of the agency's decision was attached.

The Division filed a motion to dismiss in response to the notice of appeal. The Division asserted, because a petition for review had not been timely filed, the district court did not have jurisdiction. McElreath then submitted his Objection to Motion to Dismiss and Motion for Leave to Amend Appeal asserting that the notice of appeal was sufficient to invoke jurisdiction and seeking leave to file an appropriate petition for review. After a hearing on the issues raised by the motion to dismiss, the district court entered its Order Dismissing Appeal, finding that "this appeal should be dismissed for failure of the *Notice of Appeal* to conform to the requirements of Rule 12.06, W.R.A.P." McElreath has appealed from that order.

■ The Division now concedes the jurisdictional issue based upon our decision in *Claim of Taffner*, 821 P.2d 103 (Wyo.1991). We there held a district court did have authority to consider a petition for review that was deficient with respect to the criteria found in WYO.R.APP.P. 12.06, and it did not commit reversible error in entertaining the review. We have consistently adhered to a strict requirement that "the timely filing of a notice of appeal * * * is jurisdictional" under WYO.R.APP.P. 1.03, and an appeal filed after the deadline results in an incurable jurisdictional defect. *Miller v. Murdock*, 788 P.2d 614, 616 (Wyo.1990); *Wiens v. American*

*Motors Corp.,* 717 P.2d 322, 323 (Wyo.1986); *Matter of Estate of Campbell,* 673 P.2d 645, 648 (Wyo.1983); *Cates v. Barb,* 650 P.2d 1159, 1161 (Wyo.1982); *Sanderson v. State,* 649 P.2d 677, 679 (Wyo.1982). If a notice of appeal is not timely filed, a court has no jurisdiction to resolve the case. We agree with the Division, however, that *Taffner* holds, in effect, that noncompliance with WYO.R.APP.P. 12.06 does not result in a lack of jurisdiction, so long as some document evidencing an intention to seek judicial review is timely filed.

■ We turn then to the question of whether the district court abused its discretion by invoking the sanctions found in WYO. R.APP.P. 1.03, which provides:

> The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. The failure to comply with any other rule of appellate procedure, or any order of court, does not affect the validity of the appeal, **but is ground only for such action as the appellate court deems appropriate,** including but not limited to: citation of counsel or a party for contempt; refusal to consider the offending party's contentions; assessment of costs; dismissal; or affirmance. (Emphasis added.)

McElreath admits his notice of appeal "did not follow the requirements of Rule 12.06 with particularity." The admitted deficiencies, as pointed out by the Division, are the failure to state "the specific issues of law addressed to the district court for review" and "a brief statement of the facts relevant to the legal issues raised before the agency, showing the nature of the controversy in which the legal issues arose * * *." There clearly exists a "failure to comply with any other rule of appellate procedure [WYO.R.APP.P. 1.03]."

■ McElreath contends, however, that the district court abused its discretion in invoking the sanction of dismissal for failure to conform to the appellate rules. He argues prejudice to the Division must be demonstrated because of the deficiency of his notice of appeal. WYO.R.APP.P. 1.03, however, does not include any requirement for prejudice, but simply provides that the failure "is

ground only for such action as the appellate court deems appropriate, including but not limited to: * * * dismissal * * *." The language in WYO.R.APP.P. 1.03 is a classic statement of discretionary power, and the only issue to be resolved is whether there was an abuse of discretion in dismissing McElreath's appeal.

In *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986), we built upon an earlier definition of abuse of discretion stating:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; **it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.** *Byerly v. Madsen,* 41 Wash. App. 495, 704 P.2d 1236 (1985). (Emphasis added.)

Martin referred to *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980) in which we set forth this definition of an abuse of discretion:

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

Certainly, the district court did not commit an error of law in dismissing McElreath's appeal. WYO.R.APP.P. 1.03 states dismissal is an appropriate remedy for failure to comply with the appellate rules. Dismissal is, indeed, a harsh sanction, but one permissible under WYO.R.APP.P. 1.03.

The file before the district court essentially manifested an effort to reexamine a factual conclusion of the hearing examiner which was based upon evidence in the record. The district court, in this instance, did exercise "sound judgment" "under the circumstances and without doing so arbitrarily or capriciously." The circumstances include the apparent lack of merit in the case presented, and the district court did not act arbitrarily or capriciously in ordering dismissal.

We hold there was no abuse of discretion by the district court in invoking the sanction of dismissal against McElreath. The Order Dismissing Appeal is affirmed.