**Rene KITTLES, Petitioner,**

v.

**ROCKY MOUNTAIN RECOVERY, INC., a Wyoming corporation, Respondent.**

No. 99–242.

Supreme Court of Wyoming.

March 27, 2000.

Representing Petitioner: Rene Kittles, pro se.

Representing Respondent: Patricia M. Kofakis, Casper, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

GOLDEN, Justice.

Rene Kittles (Kittles) challenges the district court's Order Dismissing for Lack of Subject Matter Jurisdiction. The district court dismissed her appeal from a county court grant of summary judgment in favor of Rocky Mountain Recovery, Inc. (RMR), holding that her appeal was not timely filed. Because the district court erroneously relied on Wyo. Stat. Ann. § 5-5-142 (LEXIS 1999) rather than W.R.A.P. 2.01, we reverse its order and remand for a decision on the merits.

### ISSUES

This Statement of Issues appears in Kittles' brief:

1.  Was the decision of district court judge Edw. Grant dismissing the appeal from county court in Rocky Mtn. Recovery, Inc. v. Rene Kittles for being untimely a plain error?

2.  Was district court judge Edw. Grant divested of jurisdiction to render any decision in the appeal taken from county court in Rocky Mtn. Recovery, Inc. v. Rene Kittles after timely filing of a motion for peremptory disqualification, and was it a plain error not to remove himself?

3.  Has the conduct of district court judge Edw. Grant toward Rene Kittles, regardless of the subject matter involved in cases before him, demonstrated a pattern of negative prejudice which sways his judgment and renders him unable to exercise his functions impartially in cases involving her and has that pattern of conduct risen to the level of disqualifying him from cases involving her and divesting him of jurisdiction in such cases, or, has this conduct demonstrated a lack of competence in the law?

RMR offers this Statement of Issue [sic] Presented for Review:

A.  Did the District Court (Appellate Court) err in ordering the dismissal of Petitioner's Notice of Appeal in its order of July 6, 1999 when it applied W.S. § 5-5-142 rather than Rule 2.01, W.R.A.P.?

B.  Was Appellant–Petitioner's "Request for Exclusion of Trial Judge" timely made? Was it reversible error for Judge Grant, District Court Judge sitting as Appellate Court, not to recuse himself from reviewing Petitioner's appeal upon her filing of the request on June 20, 1999?

C.  Does the Petitioner have any grounds for appeal of the Trial court's grant of summary judgment in Respondent's favor on May 20, 1999? Has Appellant–Petitioner demonstrated reversible error in the proceedings?

### FACTS

In January, 1998, a Cheyenne dentist allowed Kittles to charge $247 worth of services, with the understanding that Kittles would be assessed a service charge if she did not pay the amount within ninety days. Having received no payment, the dentist assigned the account to RMR on December 7, 1998. The amount assigned included the original charges plus a service charge of $4.32, for a total of $251.32. On January 14, 1999, RMR filed a complaint in county court asking for the amount assigned and interest of $9.90, plus fees and costs. RMR filed a

motion for summary judgment, which the county court granted on May 20, 1999.

Kittles filed a notice of appeal on June 18, 1999. On June 29, she filed a document entitled Request for Exclusion of Judge Grant. The district court issued its Order Dismissing for Lack of Subject Matter Jurisdiction on July 7, 1999. In that order, the court said, "W.S. § 5-5-142 provides a ten day time period within which to file a notice of appeal from the judgment of a county court." The district court reasoned that Kittles had failed to appeal within the statutorily mandated period, which precluded subject matter jurisdiction by the district court. The district court did not rule on Kittles' request to exclude Judge Grant. Kittles filed a notice of appeal to this Court on August 5, 1999.

## DISCUSSION

■ As a preliminary matter, we find this case presents the Court with an opportunity to clarify the application of W.R.A.P. 13. Kittles filed a notice of appeal with this Court. However, when an appeal is taken to a district court from an order of a county court, review of the district court's order comes to this Court, not as a notice of appeal, but as a petition for writ of review pursuant to W.R.A.P. 13. *See* Wyo. Stat. Ann. § 5-2-119 (LEXIS 1999); W.R.A.P. 13.

Wyo. Stat. Ann. § 5-2-119 (LEXIS 1999) provides:

Notwithstanding any other provision of law, any case originating in a municipal court, a justice of the peace court or county court may be appealed to the district courts and thereafter to the Wyoming supreme court only if the supreme court grants a writ of certiorari agreeing to hear the appeal. The Wyoming supreme court shall adopt procedures under which the court will grant or deny appeals to the court in such cases and provide the standards and extent of review.

W.R.A.P. 13.01(a) provides:

(a) All applications to the supreme court for interlocutory or extraordinary relief from orders of the district courts, including such applications as are established by statute, may be made as petitions for a writ of review. Granting of a petition is within the discretion of the supreme court.

■ Wyo. Stat. Ann. § 5-2-119 (LEXIS 1999) permits review by the supreme court, at its discretion, upon a writ of certiorari. W.R.A.P. 13.01 permits filing of a petition for writ of review, rather than requiring a petition for writ of certiorari. Rule 13 is the procedure this Court has established to fulfill the requirements set out in § 5-2-119 and other petitions for interlocutory or extraordinary relief. The principal mission of Rule 13 is to establish a simple procedure for filing any petition for extraordinary relief. In any event, it is the practice of this Court to treat all petitions for extraordinary relief as petitions for writ of review, no matter how that petition might be captioned at filing.

■ Kittles should have filed a petition for writ of review in this Court; instead, she filed a notice of appeal. Upon initial consideration of that notice of appeal the Court had two options: (1) dismiss the appeal, explaining that a petition for writ of review was the proper vehicle for bringing the district court's order before this Court; or, (2) treat the notice of appeal as a petition for writ of review. In this particular case, the Court opted to treat the notice of appeal as a petition for writ of review. We caution practitioners that in many, if not most instances, this Court will dismiss appeals filed under these circumstances.

■ The district court issued its order on July 7, 1999, and Kittles filed her notice of appeal on August 5, 1999. W.R.A.P. 13.03(a) states: "A petition for a writ of review must be filed with the reviewing court within 11 days after entry of the order from which relief is sought." Kittles did not file her notice of appeal with this Court within eleven days; therefore, under the appropriate rule, Kittles' filing was not timely. Although we have held the failure to file a notice of appeal within the time requirement of W.R.A.P. 2.01 is jurisdictional, and we cannot exercise jurisdiction in such an instance, *State v. Berger*, 600 P.2d 708, 709 (Wyo.1979), the grant of a petition for writ of review is discretionary with this Court. W.R.A.P. 13.01(a). There-

fore, failure to file the petition within the eleven day time limit is not jurisdictional, but merely a factor for the Court to consider in its disposition of the petition for writ of review.

In the primary issue before us, both parties agree that the district court erred when it dismissed Kittles' appeal in reliance on Wyo. Stat. Ann. § 5-5-142 (LEXIS 1999), which reads in relevant part, "[a] party may appeal from any final judgment or sentence of a county court. The appeal may be taken to the district court within ten (10) days after the entry of the judgment by filing a notice of appeal in the county court."

■ This Court has adopted W.R.A.P. 2.01, which reads in relevant part:

(a) An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order and concurrently serving the same in accordance with the provisions of Rule 5, Wyo. R. Civ. R., (or as provided in Wyo. R. Cr. P. 32(c)(4)).

In accordance with Wyo. Const. Art. 5, § 2, this Court "shall have a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law." We have long recognized that this Court has the authority to establish procedural rules for the state's judicial branch that supersede conflicting statutes. *White v. Fisher*, 689 P.2d 102, 106 (Wyo. 1984); *Petersen v. State*, 594 P.2d 978, 982 (Wyo.1979); *Squillace v. Kelley*, 990 P.2d 497, 501 (Wyo.1999). To the extent that Wyo. Stat. Ann. § 5-5-142 dictates procedure in the inferior courts, *i.e.*, the ten day limit to file an appeal, the statute is unconstitutional. *White*, 689 P.2d at 106; *Petersen*, 594 P.2d at 982; *Squillace*, 990 P.2d at 501. We therefore hold that W.R.A.P. 2.01 controls over Wyo. Stat. Ann. § 5-5-142. Because Kittles filed her appeal to the district court twenty-nine days after the county court order, her appeal was timely, and we remand the appeal to the district court for a decision on the merits of the case.

In her second assignment of error, Kittles contends that her motion entitled "Request for Exclusion of Judge Grant" deprived the judge of jurisdiction except for the purpose of assigning it to another judge. The district court did not rule on that motion, having erroneously concluded that it lacked subject matter jurisdiction over the appeal. On remand, we direct the district court to issue a ruling on the merits of Kittles' motion.

Kittles' argument in support of her third issue is little more than an *ad hominem* attack on a member of the judiciary. It is largely a recitation of her alleged grievances against the district court judge. As such, it is not a separate issue at all, but a collection of anecdotal support for her motion to exclude Judge Grant. We need not address the issue further here because the district court's ruling on that motion will resolve it.

We remand Kittles' appeal of the county court's order, and her motion to exclude Judge Grant, to the district court for decisions on the merits.