2007 WY 178

**In the Matter of the DISCIPLINE of Detective Christopher C. COOK Case No.2005–04:**

**Christopher C. Cook, Appellant (Petitioner),**

v.

**Mike Card, the City of Sheridan Chief of Police, Appellee (Respondent).**

**No. S–07–0025.**

Supreme Court of Wyoming.

Nov. 6, 2007.

Representing Appellant: H.W. Rasmussen and Newton "Rusty" S. Ludwig of Rasmussen & Ludwig, Sheridan, Wyoming.

Representing Appellee: Clint A. Langer of Davis & Cannon, Sheridan, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]　After the Sheridan Police Department Civil Service Commission (the Commission) entered an order dismissing him from service with the Sheridan Police Department (the Department), Christopher C. Cook filed a notice of appeal in the district court. Chief of Police, Mike Card, on behalf of the Department, filed a motion to dismiss the appeal on the ground that Mr. Cook failed to comply with the Wyoming Rules of Appellate Procedure in that he filed a notice of appeal rather than a petition for review. The district court granted the motion. On appeal to this Court, Mr. Cook contends the district court erred in granting the motion and dismissing his appeal. We reverse.

## ISSUES

[¶ 2]　Mr. Cook presented the following issues for this Court's determination:

1. The court abused its discretion as a matter of law by concluding it did not have discretion to allow Christopher C. Cook's notice of appeal to be amended.
2. The district court erred by considering the motion to dismiss filed by Mike Card, the City of Sheridan Chief of Police, because Mr. Card is not and cannot be a party.
3. The City of Sheridan is an indispensable party to this action.

The Department restates substantially the same issues.

## FACTS

[¶ 3]   Mr. Cook was employed by the Department as a detective.   On July 9, 2005, while off-duty, he attended a Harley Owners' Group (HOG) rally in Sheridan.   Sheridan Mayor Dave Kinskey was also present at the rally.

[¶ 4]   During the rally, Detective Cook called the on-duty shift commander, Lieutenant Chris Dahmke, and told him that Mayor Kinskey had been drinking alcohol, was probably intoxicated and had just gotten into his vehicle and left the rally.   A short time later, Lieutenant Dahmke stopped Mayor Kinskey's vehicle.   Ultimately, it was determined that the mayor was not intoxicated and could legally drive.

[¶ 5]   Chief Card requested an investigation of the events that occurred on July 9. As a result of the investigation, he recommended Detective Cook's termination.   A hearing was held before the Commission on February 6 and 7, 2006.   After the hearing, on April 27, 2006, the Commission issued an order consenting to Detective Cook's discharge.

[¶ 6]   On May 17, 2006, Mr. Cook filed a notice of appeal in the district court.   The Department filed a motion to dismiss the appeal on June 2, 2006, on the grounds that an appeal from the Commission's order was not authorized, the correct manner in which to seek review was by filing a petition for review pursuant to W.R.A.P. 12.06, and no such petition was filed.   On June 5, 2006, nine days after the time for filing a petition for review had expired, Mr. Cook filed a motion for leave to amend his notice of appeal to which he attached a petition for review in compliance with rule 12.06.

[¶ 7]   A hearing was scheduled for September 11, 2006.   At the conclusion of the hearing, the district court orally granted the Department's motion to dismiss.   Mr. Cook appealed from the written order granting the motion.

## STANDARD OF REVIEW

[¶ 8]   When reviewing a district court order granting a motion to dismiss we accept as true the facts alleged in the complaint and view them more favorably to the party opposing the dismissal.   *Veile v. Board of County Comm'rs of Washakie County*, 860 P.2d 1174, 1177 (Wyo.1993).   Dismissal under W.R.C.P. 12(b)(6) is a drastic remedy which should be granted sparingly.   *Id.* However, when a party fails to comply with the rules of appellate procedure, the reviewing court may take such action as it deems appropriate, including dismissing the appeal.   W.R.A.P. 1.03.

[¶ 9]   We review a district court's decision to dismiss an appeal for failure to comply with the rules under the abuse of discretion standard.   *McElreath v. State ex rel.* Wyo. Workers' Comp. Div., 901 P.2d 1103, 1106 (Wyo.1995).   In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.   *Humphrey v. Humphrey*, 2007 WY 72, ¶ 7, 157 P.3d 451, 453 (Wyo.2007).   When reviewing claims that a district court committed an error of law, however, we do not apply the abuse of discretion standard because a court does not have discretion with respect to such error.   *Caldwell v. Cummings*, 2001 WY 106, ¶ 11, 33 P.3d 1138, 1142 (Wyo.2001).

## DISCUSSION

### 1.  *Propriety of Dismissal*

[¶ 10]   In his first issue, Mr. Cook contends that the district court committed an error of law when it concluded it did not have the discretion to allow him to amend his

notice of appeal. Mr. Cook emphasizes the following portion of the district court's order:

> There is no authority to allow an amendment of the Notice of Appeal. The Court has very limited discretion and the only sanction which can be imposed is dismissal.... The Court concludes that it does not have the ability to allow an amendment. The Court's only option is dismissal.

[¶ 11] Responding to Mr. Cook's argument, the Department asserts that the district court properly denied the motion to amend and dismissed the appeal. The Department contends the district court was correct in concluding that there is no authority under the rules for allowing an amendment to a notice of appeal. It further asserts that the appropriate action for Mr. Cook to take after improperly filing a notice of appeal was to ask for an extension of time to file a petition for review under W.R.A.P. 12.04(b) on the basis of excusable neglect. Given that he made no effort to invoke the relief available under the rules, the Department contends the district court properly did not allow Mr. Cook to obtain relief by a different process for which there is no authority. Citing several Wyoming cases, the Department asserts that the rules were intended to provide a framework of certainty for litigants and the courts and the judicial process demands that they be consistently enforced.

[¶ 12] The Wyoming Rules of Appellate Procedure pertinent to the issue provide:

**Rule 1. General rules.**

. . . .

**1.03. Failure to comply with rules.**

The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. The failure to comply with any other rule of appellate procedure ... does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance.

. . . .

**Rule 12. Judicial review of administrative action.**

**12.01. Generally.**

To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case ... may obtain such review as provided in this rule. All appeals from administrative agencies shall be governed by these rules.

. . . .

**12.03. Institution of proceedings.**

(a) The proceedings for judicial review under Rule 12 shall be instituted by filing a petition for review in the district court having venue.... The petition shall conform to the requirements set forth in Rule 12.06.

. . . .

**12.04. Time for filing petition;**

(a) In a contested case, or in an uncontested case, even where a statute allows a different time limit on appeal, the petition for review shall be filed within 30 days after service upon all parties of the final decision of the agency....

(b) Upon a showing of excusable neglect the district court may extend the time for filing the petition for review, said extension not to exceed 30 days from the expiration of the original time prescribed in paragraph (a).

. . . .

**12.06. Requirements of petition.**

. . . . The petition for review shall include:

(a) A concise statement showing jurisdiction and venue;

(b) The specific issues of law addressed to the district court for review;

. . . .

(d).... A brief statement of the facts relevant to the legal issues raised before the agency, showing the nature of the controversy in which the legal issues arose;

(e) A copy of the agency decision attached as an appendix.

[¶ 13] These rules make clear that appeals from administrative agencies, such as Mr. Cook's appeal from the Commission's order, are governed by Rule 12. Rules 12.03 and 12.04(a) further make clear that judicial

review of an administrative ruling is instituted by filing a petition for review in the district court and that such petition must be filed within 30 days after service of the agency's final decision. Thus, Mr. Cook was required to file a petition for review in the district court within 30 days of service of the Commission's ruling. Upon a showing of excusable neglect, the district court was authorized under Rule 12.04(b) to extend the 30 days provided in Rule 12.04(a) for filing a petition for review. Pursuant to this provision, upon realizing that he filed the wrong document, Mr. Cook could have filed for an extension of time to file his petition for review. It is clear Mr. Cook did not do so.

[¶ 14] In *McElreath*, 901 P.2d 1103, this Court considered the question of whether a district court properly dismissed an appeal from a final agency ruling denying a claim for worker's compensation benefits. Mr. McElreath, like Mr. Cook, mistakenly filed a notice of appeal rather than a petition for review as the rules required. The Division filed a motion to dismiss, claiming the district court lacked jurisdiction because a petition for review had not been timely filed. Mr. McElreath filed an objection to the motion to dismiss, asserting the notice of appeal was sufficient to invoke the district court's jurisdiction. He also sought leave to amend the notice of appeal by filing a petition for review. The district court dismissed the appeal on the ground that the notice of appeal did not comply with W.R.A.P. 12.06.

[¶ 15] On appeal from the order of dismissal, Mr. McElreath conceded that his notice of appeal did not comply with Rule 12.06 because it did not state the specific issues for the district court's review or contain a brief statement of the facts relevant to the legal issues before the agency. This Court likewise concluded that there was "a failure to comply with [a] rule of appellate procedure" as provided in W.R.A.P. 1.03. *McElreath*, 901 P.2d at 1106. Therefore, pursuant to Rule 1.03, the district court was authorized to take "such action" as it "deem[ed] appropriate, including but not limited to ... dismissal." *Id.* Describing Rule 1.03 as a "classic statement of discretionary power," this Court concluded the district court did not abuse its

discretion in dismissing the appeal for lack of compliance with Rule 12.06. *Id.*

[¶ 16] Unlike the district court in *McElreath*, the district court in Mr. Cook's case concluded that it had no authority to allow him to amend his notice of appeal, very limited discretion in resolving the issue before it and basically no other choice but to dismiss the case. The district court's conclusions are contrary to the second sentence of W.R.A.P. 1.03 which expressly gives appellate courts discretion to take "such action as [they deem] appropriate" when a party fails to comply with the appellate rules. Such action includes, *but is not limited to*, refusal to consider the party's contentions, assessment of costs, dismissal, and affirmance. In a situation such as the one before the district court in Mr. Cook's case, such action might also appropriately include allowing the party to file an amended pleading that brings the original pleading into compliance with the rules.

[¶ 17] Rule 15 of the Wyoming Rules of Civil Procedure authorizes a party to amend a pleading by leave of court after a responsive pleading is filed. Although Rule 15 typically has been considered in the context of trial court pleadings, the express language of the rule contemplates that leave to amend "shall be freely given when justice so requires." This language, like the language of W.R.A.P. 1.03, indicates the intent to vest a considerable amount of discretion in the district courts when a motion to amend is filed.

[¶ 18] In at least two cases, this Court has "treated" a notice of appeal as a petition for review. In the case of *In re General Adjudication of Water Rights*, 803 P.2d 61 (Wyo.1990), we treated an attempted appeal as a petition for a writ of certiorari. Similarly, in *Kittles v. Rocky Mountain Recovery, Inc.*, 1 P.3d 1220 (Wyo.2000), we treated a notice of appeal as a petition for writ of review. We said the appealing party should have filed a petition for writ of review, and this Court could have dismissed the appeal. Instead, however, we exercised our discretion and treated the notice of appeal as a petition for writ of review. We see no reason why a district court should not have similar discretion to treat a notice of appeal as a petition

for review. Given the language of W.R.A.P. 1.03, we hold the district court erred as a matter of law in concluding that its discretion was limited and the only option was dismissal.

### 2. *Indispensable and Proper Parties*

[¶ 19] Mr. Cook also claims the district court erred in considering the motion to dismiss filed by Mr. Card on behalf of the Department because, he asserts, Mr. Card did not have standing to participate in the appeal. Mr. Cook further claims that the City of Sheridan, which was not named as a party, was an indispensable party. Neither of these claims was presented to the district court. We adhere to our long-standing rule that we will not consider issues on appeal that were not presented or argued before the district court. *Yates v. Yates,* 2003 WY 161, ¶ 15, 81 P.3d 184, 190 (Wyo.2003). Exceptions to this rule are rare and Mr. Cook has presented no argument warranting an exception in his case.

[¶ 20] We reverse the district court's order dismissing the notice of appeal on the ground that the district court erred as a matter of law in concluding its discretion was "very limited" and its only option was dismissal. We remand to the district court for it to exercise its discretion under W.R.A.P. 1.03 by taking "such action as [it] deems appropriate."

VOIGT, Chief Justice, dissenting, in which GOLDEN, Justice, joins.

[¶ 21] I respectfully dissent. W.R.A.P. 12.01 and 12.03 clearly require the review of administrative agency decisions to be "instituted by filing a petition for review." W.R.A.P. 12.04(a) requires the petition to be filed within 30 days after service of the final agency decision. If that requirement is not met, it can be overcome under W.R.A.P. 12.04(b) by a showing of excusable neglect, coupled with a request for a filing extension not to exceed an additional 30 days. None of that happened in this case.

[¶ 22] The timely filing of a petition for review of administrative action is mandatory and jurisdictional. *Chevron U.S.A. v. Dep't of Revenue,* 2007 WY 62, ¶ 7, 155 P.3d 1041, 1043 (Wyo.2007); *Nyberg v. State Military Dep't,* 2003 WY 43, ¶ 30, 65 P.3d 1241, 1249 (Wyo.2003); *Sheridan Ret. Partners v. City of Sheridan,* 950 P.2d 554, 557 (Wyo.1997); *Dep't of Revenue & Taxation v. Irvine,* 589 P.2d 1295, 1301 (Wyo.1979). Admittedly, we have softened the blow of that pronouncement by declaring that the reviewing court does acquire jurisdiction "so long as some document evidencing an intention to seek judicial review is timely filed." *McElreath v. State ex rel. Wyo. Workers' Comp. Div.,* 901 P.2d 1103, 1106 (Wyo.1995); *In re Claim of Taffner,* 821 P.2d 103, 107 (Wyo.1991). All that means, however, is that, where an insufficient petition for review has been filed, the reviewing court has jurisdiction to apply the rules of appellate procedure in deciding what to do with it.[1] That is where I would break from the majority's analysis. I would not hold that the discretionary language of the second sentence of W.R.A.P. 1.03 goes so far as to negate the specific requirement of W.R.A.P. 12.04(b) that excusable neglect be shown in order to enlarge the time for filing a petition for review. Here, where there was no attempt to make such showing, the proper course was that taken by the district court; that is, to dismiss the notice of appeal. It is clear from the Order of Dismissal that the district court recognized the discretionary nature of the second sentence of W.R.A.P. 1.03, but that it also recognized that "[t]hese proceedings are governed by Rule 12 of the Rules of Appellate Procedure." Its effective conclusion was that Rule 12 does not provide an alternative to the excusable neglect process of W.R.A.P. 12.04(b) in the nature of an untimely amendment of a faulty filing. I agree with that conclusion.

[¶ 23] Finally, I would say that *McElreath* is poor precedent because it relied upon *Taffner,* in which this Court mistakenly applied present W.R.A.P. 9.04—the harmless error rule—in ruling upon an appellate error.

---

1. I do not believe that W.R.C.P. 15 governing the amendment of pleadings should play any role in this process.

The harmless error rule, as well as the plain error rule found in W.R.A.P. 9.05, are applied as part of this Court's review of what took place below, not as part of this Court's review of appellate error. Beyond that, *McElreath*, 901 P.2d at 1106, and *Taffner*, 821 P.2d at 107, are inconsistent in their treatment of prejudice in the review of appellate error.