**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAY 2 2001**

**PATRICK FISHER**
**Clerk**

DWIGHT DEAN HANDY,

      Petitioner - Appellant,

vs.

VANCE EVERETT, in his official
capacity as Warden, Wyoming
Department of Corrections State
Penitentiary; WYOMING
ATTORNEY GENERAL,

      Respondents - Appellees.

No. 00-8067
(D.C. No. 99-CV-269)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

      Mr. Handy, an inmate appearing pro se,[1] seeks to appeal from the district

court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

[1] As permitted by Johnson v. Avery, 393 U.S. 483, 490 (1969), another inmate assisted Mr. Handy in the preparation of this appeal.

Doc. 2. We grant the application to proceed in forma pauperis, but in light of Mr. Handy's failure to make "a substantial showing of the denial of a constitutional right," we deny his application for a COA and dismiss the appeal. Slack v. McDaniel, 529 U.S. 473, 482 (2000) (citation omitted).

Because Mr. Handy filed the instant petition on December 22, 1999, subsequent to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the limitations period set forth in 28 U.S.C. § 2244(d)(1) applies to this action. Doc. 1. Mr. Handy entered a guilty plea on November 27, 1989, and his motion to withdraw the plea was denied on January 23, 1991. For prisoners, like Mr. Handy, whose convictions became final before April 24, 1996, the one-year statute of limitations begins to run on that date and ends on April 23, 1997. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). We toll the one-year limitation period only for the time Mr. Handy had a "properly filed application" pending for state post-conviction relief. 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226.

By April 24, 1996, Mr. Handy had filed, and the Wyoming state courts had denied, two petitions for post-conviction relief. The first petition was denied on June 8, 1993; the second on February 13, 1995. Under Wyoming law, a final order entered upon an application for post-conviction relief "may be reviewed by the supreme court [of Wyoming] on writ of certiorari . . . pursuant to the

Wyoming Rules of Appellate Procedure." Wyo. Stat. Ann. § 7-14-107 (Michie 1995). "A petition for a writ of review <u>must be filed with the reviewing court</u> within 11 days after entry of the order from which relief is sought." Wyo. R. App. P. 13.03(a) (1995) (emphasis added). "On March 9, 1995, Mr. Handy filed for a Petition for Writ of Review <u>in the trial court</u>," but the court never acted on that petition. Pet'r Br. at 5 (emphasis added). Even if we overlook the possibility that Mr. Handy's petition was untimely, <u>cf.</u> <u>Kittles v. Rocky Mountain Recovery, Inc.</u>, 1 P.3d 1220, 1222-23 (Wyo. 2000) (holding that compliance with Rule 13.03(a)'s eleven-day deadline is not jurisdictional), we cannot ignore the fact that it was filed in the wrong court. Accordingly, the petition was not "properly filed" and therefore cannot operate to toll the limitations period. 28 U.S.C. § 2244(d)(1); <u>see also</u> <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999).

Even if the petition had been "properly filed," Mr. Handy's tolling argument would fail nonetheless because the petition was not "pending" at any point during the relevant one-year period. The Wyoming Rules of Appellate Procedure provide that a certiorari petition "shall be deemed denied if the reviewing court does not accept review within 30 days from the date of the petition." Wyo. R. App. P. 13.03(c). Thus, even if we assume that Mr. Handy's petition for a writ of review was "properly filed" on March 9, 1995, it was effectively denied on April 8, 1995, over one year before the limitations period

even began.  Section 2244(d)(2) is therefore inapplicable and the instant petition was untimely under § 2244(d)(1).

Accordingly, we DENY Mr. Handy's application for a COA and DISMISS the appeal.  Mr. Handy's motion to proceed in forma pauperis is GRANTED, as is his motion to supplement the record.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge