David Michael FULLMER; Fullmer Construction & Trucking, Inc.; and Fullmer Construction Equipment Company, Appellants (Petitioners),

v.

WYOMING EMPLOYMENT SECURITY COMMISSION, Appellee (Respondent).

No. 93–55.

Supreme Court of Wyoming.

Sept. 2, 1993.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, for appellants.

Joe Scott, Sr. Asst. Atty. Gen., Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

This appeal is from an order affirming the decision by the Unemployment Insurance Commission (the Commission) which

affirmed the appeals examiner's dismissal of an administrative appeal filed by David Michael Fullmer, Fullmer Construction & Trucking, Inc., and Fullmer Construction Equipment Company (collectively referred to as the Fullmers) because it was not filed in a timely manner.

We affirm.

The Fullmers state the issue for review as:

1. Did the district court err in concluding that the Petitioner's (Appellant's) administrative appeal was properly dismissed as being untimely filed?

In 1989, the Department of Employment, Division of Unemployment Insurance (the Division) (formerly known as the Wyoming Employment Security Commission) began an audit of three separate business entities associated with the Fullmers. The purpose of the audit was to determine whether the Fullmers had properly paid unemployment taxes for the years 1985 through 1989.

The Division informed the Fullmers of the results of its audit by a letter dated July 10, 1991. It concluded that the Fullmers owed $26,857.81 [1] in unpaid unemployment taxes and interest. The letter specifically informed the Fullmers that they had the right to appeal from the audit findings by filing a written notice of appeal within fifteen days of the date of the July 10, 1991, letter. The Fullmers appealed from the Division's findings by filing a notice of appeal dated July 25, 1991, and postmarked on July 26, 1991.

On August 13, 1991, the Division informed the Fullmers that their notice of appeal had not been filed within the required fifteen days because it was postmarked on July 26, 1991, the sixteenth day after the date of the July 10, 1991, letter. It indicated that the Fullmers could request that the case be forwarded to the appeals examiner for consideration of the timeliness issue and, if the Fullmers prevailed on that issue, of the merits of the case. The Fullmers requested that the case be forwarded to the appeals examiner. The appeals examiner heard the case on February 19, 1992. On April 23, 1992, he dismissed the Fullmers' appeal because it had not been filed in a timely manner.

The Fullmers appealed to the Commission. The Commission considered and affirmed the appeals examiner's dismissal on June 23, 1992. The Fullmers appealed to the district court which affirmed the Commission's decision. They timely filed a notice of appeal with this Court.

No material issue of fact exists in this case. The Fullmers concede that their notice of appeal was postmarked on July 26, 1991. As such, the notice was not mailed until the sixteenth day after the date of the Division's July 10, 1991, letter. The Fullmers argue that their notice was timely even though it was not mailed until the sixteenth day. They contend that they were entitled to have an additional three days in which to file their notice under W.R.C.P. 6(e) [2] (now W.R.C.P. 6(d)) because the Division's determination was delivered to them by mail. We disagree.

 The applicable statutes and regulations supersede W.R.C.P. 6(e). The Commission has the statutory responsibility to promulgate rules "setting forth the nature and requirements of all formal and informal procedures available in connection with contested cases." Wyo.Stat. § 16–3–102(a)(i) (1990). *See also* Wyo.Stat. § 27–3–602(b) (1991). When rules are adopted pursuant to statutory authority and are properly promulgated, they have the force

---

1. The record indicates that the audit was later amended, reducing the Fullmers' liability to some extent. The amount currently in dispute is not clear from the record but is of no consequence to our determination.

2. Before its revision in 1992, W.R.C.P. 6(e) provided:

(e) *Additional time after service by mail.*— Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him, and the notice or paper is served upon him by mail or by delivery to the clerk, 3 days shall be added to the prescribed period, provided however, this rule shall not apply to service of process by registered mail under Rule 4(1)(2).

and effect of law. *Drake v. State ex rel. Department of Revenue and Taxation,* 751 P.2d 1319, 1322 (Wyo.1988); *Yeik v. Department of Revenue and Taxation,* 595 P.2d 965, 968 (Wyo.1979). Thus, an administrative agency is bound to follow the applicable statutes and its own rules and regulations. *Jackson v. State ex rel. Wyoming Workers' Compensation Division,* 786 P.2d 874, 878 (Wyo.1990).

█ Chapter X, Section 1(a) of the REGULATIONS OF THE DIVISION OF UNEMPLOYMENT INSURANCE AS ADOPTED BY THE UNEMPLOYMENT INSURANCE COMMISSION provided that an employer who was not satisfied with the Division's determination of his liability for unemployment tax contributions had to file his request for a hearing within fifteen days of the date of the mailing of the determination. Timely filing of a request for administrative review of a decision is mandatory and jurisdictional. *Employment Security Commission of Wyoming v. Young,* 713 P.2d 198, 201 (Wyo.1986).

The method for computing the timeliness of an appeal with the Division is prescribed by statute and regulation. Under WYO. STAT. § 16–4–301(a)(i) (1990), the post office cancellation mark establishes the date of filing for a document filed by mail with the State of Wyoming. Similarly, Chapter XVIII, Section 1 of the REGULATIONS OF THE DIVISION OF UNEMPLOYMENT INSURANCE, *supra,* stated in relevant part:

> Section 1. *Applicability.* When the Employment Security Law provides a deadline for filing appeals, paying contributions, making reports, or for any other purpose, the following rules apply:
>
> ....
>
> (b) By Mail. When a person makes a payment or files an appeal, report or other document with the Division by mail, that payment is deemed to be made or document is deemed to have been filed as of the postmark date on the envelope by which the payment or document is mailed.

█ The Fullmers' argument that W.R.C.P. 6(e) should have controlled the computation of the time period for filing an administrative appeal disregards the statutory and regulatory provisions cited above. The applicable statutes and regulations did not adopt W.R.C.P. 6(e). The omission of words from a statute is considered to be an intentional act by the Legislature, and the Supreme Court will not supply words in the process of interpretation. *PR v. Shannon (Matter of TR),* 777 P.2d 1106, 1111 (Wyo. 1989) (citing *Voss v. Ralston,* 550 P.2d 481, 485 (Wyo.1976)); *Carroll by and through Miller v. Wyoming Production Credit Association,* 755 P.2d 869, 873 (Wyo.1988). In *International Association of Fire Fighters, Local No. 279 v. Civil Service Commission of Fire Department of City of Cheyenne,* 702 P.2d 1294, 1297 (Wyo. 1985), we held: "The reasoning used in interpretation of statutes is applicable to the interpretation of [administrative] rules made pursuant to statute." Accordingly, we will not interpret the applicable statutes and regulations to include an extension of time for filing under W.R.C.P. 6(e).

█ The Fullmers were required to file their appeal within fifteen days of the date of the mailing of the Division's determination. The date of the filing is determined by the postmark date. The notice from the Division was mailed on July 10, 1991. The Fullmers' appeal was postmarked on July 26, 1991. Because their appeal was not postmarked until the sixteenth day, the Fullmers did not perfect their appeal within the legal time limit. The Commission's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. WYO.STAT. § 16–3–114(c)(ii)(A) (1990). The Fullmers' appeal was, therefore, properly dismissed as being untimely.

Affirmed.