Nicholas GOEDERT, By and Through his undersigned attorney, J. Stan WOLFE, Appellant (Petitioner),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Objector).

Jacque Schutt, by and through her undersigned attorney, J. Stan Wolfe, Appellant (Petitioner),

v.

State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Objector).

Roy P. Bechard, by and through his undersigned attorney, J. Stan Wolfe, Appellant (Petitioner),

v.

State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Objector).

Wilma D. Newman; Richard D. Kistler; Bruce A. Fowler; Arthur J. Taylor; Andrew Macke; Don Lara; and Jennifer Reynolds, Appellants (Petitioners),

v.

State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).

Nos. 98–230, 98–235, 98–236, 98–354.

Supreme Court of Wyoming.

Dec. 1, 1999.

Representing Appellants: J. Stan Wolfe of Law Firm of J. Stan Wolfe, Gillette, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellants Nicholas Goedert, Jacque Schutt, Roy Bechard, Wilma Newman, Richard Kistler, Bruce Fowler, Arthur Taylor, Andrew Macke, Don Lara, and Jennifer Reynolds petitioned the district courts for review of various administrative decisions concerning the payment of attorney's fees

and costs associated with their claims for worker's compensation benefits. The district courts certified the cases to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We dismiss the cases.

## ISSUES

The appellants present the following issues for our review:

A. Did the Office of Administrative Hearings err in determining that counsel for the Appellants Jennifer Reynolds, Don Lara, Andrew Macke, and Roy P. Bechard was not entitled to the payment of postage expenses actually expended in representing the Appellants/Claimants in the contested case proceedings below?

B. Was there substantial evidence to support the Hearing Examiner's determination and denial of the payment of such postage expenses incurred by counsel for Jennifer Reynolds, Don Lara, Andrew Macke, and [Roy] Bechard in the contested case proceedings below?

C. Did the Office of Administrative Hearings err in denying the payment of attorney's fees at the rate of $90.00 per hour and in denying the payment of the actual postage expenses incurred by counsel for the Appellants Nicholas Goedert, Jacque Schutt, Wilma D. Newman, Richard D. Kistler, and Bruce A. Fowler below?

D. Was there substantial evidence to support the Hearing Examiner's denial of the payment of attorney's fees at the rate of $90.00 per hour and costs for postage expenses actually incurred by counsel in the cases of Nicholas Goedert, Jacque Schutt, Wilma D. Newman, Richard D. Kistler, and Bruce A. Fowler below?

E. Did the Office of the Medical Commission err in denying the payment of attorney's fees at the rate of $90.00 per hour for the Appellant Arthur J. Taylor below?

F. Was there substantial evidence to support the ruling by the Office of the Medical Commission denying the payment of attorney's fees at the rate of $90.00 per hour in the case of Arthur J. Taylor below?

## FACTS

We address ten consolidated cases in this decision. The appellants filed claims for worker's compensation benefits, and they were represented by Attorney J. Stan Wolfe in their respective cases. After their cases concluded, Wolfe requested payment of his attorney's fees and his expenses that were associated with his representation of the appellants.

In Goedert's case, Wolfe petitioned the Office of Administrative Hearings for payment of his attorney's fees at the rate of $90 per hour and his costs, which included actual postage expenses, incurred during his representation of the claimant. The Office of Administrative Hearings did not hold a hearing but simply entered an order which apparently approved payment of Wolfe's attorney's fees at the rate of $60 per hour and his costs but did not include actual postage expenses in the amount that was approved for costs. Goedert filed a petition for review with the district court, and that court certified the case to the Wyoming Supreme Court. This Court remanded the case to the Office of Administrative Hearings and directed it to hold a hearing on Wolfe's request. A hearing examiner held a hearing and entered an order stating that, pursuant to the relevant administrative rules, attorney's fees in worker's compensation cases are paid at the rate of $60 per hour and that postage expenses cannot be reimbursed. The case was then returned to this Court.

In the cases involving Schutt, Newman, Kistler, and Fowler, Wolfe filed petitions for payment of his attorney's fees at the rate of $90 per hour and his costs, which included actual postage expenses. The hearing examiners allowed payment of Wolfe's attorney's fees at the rate of $60 per hour and his costs but did not allow payment of the postage expenses. Schutt, Newman, Kistler, and Fowler petitioned the district court for review of the hearing examiners' decisions, and that court certified the cases to the Wyoming Supreme Court.

Wolfe applied for reimbursement of the postage expenses he incurred while he was representing Reynolds, Lara, Macke, and Bechard. The hearing examiner denied his application. Reynolds, Lara, Macke, and Bechard petitioned the district court for review of the hearing examiner's decisions, and that court certified the cases to the Wyoming Supreme Court.

Wolfe petitioned the Medical Commission for payment of his attorney's fees at the rate of $90 per hour for his representation of Taylor. The Medical Commission ruled that the maximum hourly rate for representing a worker's compensation claimant was $60 per hour and ordered that Wolfe be paid at that rate. Taylor appealed to the district court, and that court certified the case to the Wyoming Supreme Court.

## DISCUSSION

■ The appellants present several issues that generally challenge the administrative rules which set the rate at $60 per hour for attorney's fees incurred during the representation of worker's compensation claimants and which prohibit reimbursing attorneys for their actual postage expenses. The appellants also suggest that the hearing examiners erred by refusing to deviate from the rates set out in the administrative rules. After a careful review of the procedural posture of these cases, we conclude that they are not properly before this Court.

Wyo. Stat. Ann. § 27–14–602(d) (LEXIS 1999) specifically commands the director of the Office of Administrative Hearings to set the hourly rate for attorney's fees incurred in the representation of worker's compensation claimants. That statute states in pertinent part:

> (d) Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding.... Attorney fees allowed shall be at

an hourly rate established by the director of the office of administrative hearings....

Section 27–14–602(d). In accordance with the statute's mandate, the director promulgated a rule which established the rate for attorney's fees at $60 per hour and stated that postage expenses ordinarily would not be reimbursed. Rules for Contested Case Practice and Procedure Before the Office of Administrative Hearings, ch. 5, § 3(a) (1997). Similarly, the Medical Commission promulgated administrative rules setting the rate at $60 per hour for attorneys who represent worker's compensation claimants. Rules of Practice and Procedure Before the Medical Commission, ch. 6, § 5 (1995).[1]

■ Administrative rules and regulations have the force and effect of law, and agencies are, therefore, required to comply with their administrative rules. *MB v. Laramie County Department of Family Services in the Interest of LB*, 933 P.2d 1126, 1130 (Wyo. 1997); *Fullmer v. Wyoming Employment Security Commission*, 858 P.2d 1122, 1123–24 (Wyo.1993). Neither the Office of Administrative Hearings nor the Medical Commission could, therefore, disregard the administrative rules which established how attorneys representing worker's compensation claimants would be compensated. Indeed, if the agencies had failed to follow their rules, we would have been obliged to reverse their decisions. *MB*, 933 P.2d at 1130. Because the agencies did not have the authority to disregard their rules, they could not grant Wolfe the relief he sought. Similarly, this Court cannot remedy Wolfe's problem. These cases do not, therefore, present a justiciable controversy, and they must be dismissed. *Bird v. Rozier*, 948 P.2d 888, 893 (Wyo.1997); *Brimmer v. Thomson*, 521 P.2d 574, 578 (Wyo.1974).

There were several means available to Wolfe to pursue the relief he sought. He could have filed timely petitions for review after the agencies promulgated the rules which set the hourly rates for attorney's fees and delineated the costs that would be reim-

1. The Medical Commission's rules allow appointed attorneys to be reimbursed for all their necessary and reasonable costs. Rules of Practice and Procedure Before the Medical Commission, ch. 6, § 5 (1995). Apparently, the Medical Commission generally reimburses attorneys for their postage expenses under this provision.

**1228**

bursed. *See, e.g., State Farm Mutual Automobile Insurance Company v. Wyoming Insurance Department,* 793 P.2d 1008 (Wyo. 1990); *Tri–State Generation and Transmission Association, Inc. v. Environmental Quality Council,* 590 P.2d 1324 (Wyo.1979). If Wolfe had petitioned for review of the rule-making proceedings, the appellate courts could have reviewed the agencies' rule-making decisions to determine whether they were arbitrary, capricious, or characterized by an abuse of discretion. *Tri–State Generation and Transmission Association, Inc.,* 590 P.2d at 1330. In conducting that review, the courts could have determined whether the agencies considered relevant factors in adopting the rules and whether the rules were rational. *Id.* Although Wolfe participated in some of the rule-making proceedings, he apparently did not petition for review of the agencies' rule-making decisions.

Wolfe also could have petitioned the Office of Administrative Hearings and the Medical Commission under Wyo. Stat. Ann. § 16–3–106 (LEXIS 1999) to modify their rules. That statute states:

> Any interested person may petition an agency requesting the promulgation, amendment or repeal of any rule and may accompany his petition with relevant data, views and arguments. Each agency may prescribe by rule the form of the petition and the procedure for its submission, consideration and disposition. Upon submission of a petition, the agency as soon as practicable either shall deny the petition in writing (stating its reasons for the denials) or initiate rulemaking proceedings in accordance with W.S. 16–3–103. The action of the agency in denying a petition is final and not subject to review.

Section 16–3–106. He did not, however, proceed under that statute.

■ In addition, Wolfe could have challenged the rules by instituting an independent action for a declaratory judgment. *State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1170 (Wyo. 1994). Declaratory judgment actions are available to challenge the validity of an agency's regulation and to secure a judicial determination of the meaning or constitutionality

of the statute upon which the administrative action was based. *State Board of Equalization v. Jackson Hole Ski Corporation,* 737 P.2d 350, 354 (Wyo.1987); *Rocky Mountain Oil and Gas Association v. State,* 645 P.2d 1163, 1168 (Wyo.1982). Wolfe did not, however, pursue that remedy.

Simply stated, Wolfe did not proceed in an appropriate manner to challenge the Office of Administrative Hearings' and the Medical Commission's rules that pertained to compensating attorneys for representing claimants in worker's compensation cases. The agencies did not have the authority to ignore or modify their rules in the context of contested case proceedings. There is no remedy available to Wolfe from this Court.

Dismissed.