2011 WY 86

**TOWN OF EVANSVILLE POLICE DEPARTMENT, Appellant (Defendant),**

v.

**Lonnie PORTER, Appellee (Plaintiff).**

Nos. S–09–0178, S–10–0133.

Supreme Court of Wyoming.

June 1, 2011.

Representing Appellant: Judith A. Studer of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.

Representing Appellee: Keith R. Nachbar of Keith R. Nachbar, P.C., Casper, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶1] In these two consolidated appeals, the Town of Evansville Police Department (Department) appeals the district court's order of reversal for agency inaction filed July

23, 2009, in No. S–09–0178 and the district court's order denying motion for relief from an order filed April 15, 2010, in No. S–10–0133. The appeals arise from the Department's effort to terminate the employment of Lonnie Porter (Porter), a police officer in the Department. For the reasons set forth below, we affirm the district court's orders and remand to that court with directions that it issue its order ordering the Department immediately to reinstate Porter to his employment as a police officer in the Department effective February 12, 2008.

## ISSUES

### NO. S–09–0178

[¶ 2] The Department states its issue in this appeal to be:

Did the District Court lack subject matter jurisdiction to consider the Petition for Review due to the failure of the Petitioner to file a proper and timely Notice of Appeal?

Porter offers this statement of the issue:

Did Sgt. Lonnie Porter effectively appeal his termination of employment from the Evansville Police Department timely by serving his request for hearing on the mayor and the attorney for the Town and the Police Department?

[¶ 3] The Department filed a reply brief, but we shall not consider it because it failed to precisely and concisely set forth on the first page those new issues and arguments raised by Porter's brief which are addressed in the reply brief. W.R.A.P. 7.03.

### NO. S–10–0133

[¶ 4] The Department states its issues in this appeal to be:

1. Does Rule 60(b)(4) mandate relief as the district court relied on a void ordinance in its Order?

2. Did the district court's denial of the Rule 60(b) motion constitute an abuse of discretion as the court mistakenly utilized law no longer in effect at the time of petitioner's termination, and it would be inequitable to allow the Order to stand?

3. Did the district court properly refuse to consider the Rule 60(b) motion for the procedural reasons stated by the district court?

Porter states the issue to be:

Did the district court below commit an error of law in denying the Town of Evansville's W.R.C.P. Rule 60(b) motion in this administrative appeal?

[¶ 5] The Department filed a reply brief, but we shall not consider it because it too failed to precisely and concisely set forth on the first page those new issues and arguments raised by Porter's brief which are addressed in the reply brief. W.R.A.P. 7.03.

## FACTS

[¶ 6] Porter had been employed in the law enforcement field for nearly sixteen years. From approximately July 2, 2001, until February 12, 2008, he was employed by the Department. The Department claims that its police chief, Zachery Gentile, hired Porter. In approximately September of 2007, Porter was promoted to the rank of Sergeant, and he then supervised other police officers on his shift. On September 9, 1996, the Town of Evansville in Ordinance No. 9–96 adopted an employee personnel manual entitled "Employee Handbook–Personnel Rules and Regulations" which superseded "all previous publications of this handbook and all other Evansville employment laws, rules, regulations, and other directives where inconsistent." Several provisions of this employee handbook are pertinent to these appeals. First, Section 2.C. of Chapter XII addresses the required pre-termination procedure applicable when the Department is considering terminating an employee for cause:

Termination. An employee's employment may be terminated by the appointing authority or his designated agent upon recommendation of the employee's department head for an infraction of a severe nature or a repeated infraction following earlier disciplinary action. **Notice of termination shall be in writing, stating the specific details of the infraction(s)**, earlier disciplinary action taken for other, similar infraction(s) (if appropriate), **reasons**

for the termination action, the effective date, and notice of the right to request an informal hearing before the appointing authority prior to the effective date of termination. **Prior to termination (except in an emergency when immediate action is required), the employee may request an informal hearing before the appointing authority, which the employee and department head shall attend, for purposes of determining whether there is reasonable cause for termination. A tape recorded record of the informal hearing shall be maintained.** The reasons for termination shall be documented, and a copy given to the employee, who shall initial or sign, and date the documentation to acknowledge receipt only. The documentation shall be included in the employee's permanent personnel file. [Emphasis added.]

[¶ 7]   Second, Section 3 of Chapter XII addresses the required post-termination procedure applicable when a terminated employee appeals his termination:

*Section 3: Appeal Procedures.*

Permanent full time and part time employees of the Town shall have the right to appeal … termination actions. **Notice of the appeal must be submitted to the appointing authority** within ten (10) calendar days of the effective date of the … dismissal action. [Emphasis added.]

Section 3, as part of Ordinance No. 9–96, which was adopted on September 9, 1996, had replaced Article 23 of Chapter 2 of the Town's ordinances which in § 2–23–4(c) had entitled an employee dismissed for cause to "a hearing before the Governing Body within 30 days after the discharge by requesting the same, in writing, within 10 days of the date of discharge."

[¶ 8]   On February 7, 2008, Police Chief Gentile called Porter into his office and questioned him about certain allegations made against him by two rookie officers. Also at this meeting were Lieutenant Thomas Laughrey of the Department and Porter's attorney. Before this meeting, Police Chief Gentile had not delivered to Porter any written notice of termination. The Police Chief did not tape record this meeting. Porter claims that at this meeting the Police Chief did not mention anything about terminating Porter's employment. On February 12, 2008, Police Chief Gentile again called Porter into his office and handed him a four-page letter of termination which stated, among other things, that Porter's termination was effective that date and that he could appeal that decision.

[¶ 9]   By letter dated February 20, 2008, Porter's attorney and the Town's attorney agreed that Porter had a ten-day extension of the time to file a notice of appeal of Porter's termination. By letter dated February 27, 2008, addressed to the Town's mayor, with a copy to the Town's attorney, Porter's attorney gave notice of Porter's appeal of his termination. Over the following months, the Town's attorney and Porter's attorney discussed engaging and then agreed to engage a hearing examiner for purposes of Porter's post-termination appeal hearing. Sometime that summer, the attorneys engaged a hearing examiner who then held a scheduling conference with both attorneys at which deadlines were established, a motion hearing was set for September 12, 2008, and a hearing was set for October 6, 2008. On August 15, 2008, Porter submitted his disclosure statement listing witnesses and exhibits and his motion to dismiss or for summary judgment supported by his affidavit and a memorandum of law. Among other points, Porter's motion asserted that the Department had violated the provisions of the employee handbook governing the pre-termination procedures applicable to a termination for cause. The Department did not submit a disclosure statement or a response to Porter's motion to dismiss or for summary judgment. However, by letter dated August 20, 2008, the Town's attorney informed Porter's attorney that he had "concluded the Mayor and Council do not have jurisdiction to hear and consider Mr. Porter's attempted appeal." The Town's attorney stated that the employee handbook required Porter's notice of appeal to be served on the appointing authority who, by implication, was Police Chief Gentile who had hired Porter, and not the Town's mayor. He stated because Porter's notice of appeal had been served on the mayor, and not the

police chief, that notice of appeal was defective, the appeal did not exist, and the time for appeal had run. He concluded that he had "advised the Mayor that in my opinion the appeal was not perfected, and therefore the Town does not have jurisdiction to hear or consider an appeal from Mr. Porter." The Town attorney's *ipse dixit*[1] aside, neither the mayor nor the Town's governing body notified Porter that they deemed Porter's notice of appeal to be defective and they did not have jurisdiction. They issued no formal decision on the matter.

[¶ 10] On September 11, 2008, Porter filed his "Petition for Review of Administrative Decision" with the district court. In his petition, Porter stated that he sought judicial review of agency inaction, or the denial of required action, in the failure to afford him administrative hearings on his termination from employment pursuant to the administrative rules adopted by the Town of Evansville. He identified the specific issues of law for review to be:

1. Did the Town of Evansville Police Department violate its own administrative rules when Petitioner was terminated and was denied his right to pre- and post-termination hearings?

2. Have the Petitioner's termination hearings been unlawfully withheld or unreasonably delayed, or is the Town's refusal to grant any termination hearings arbitrary, capricious, an abuse of discretion, in excess of statutory jurisdiction, authority or limitations, unsupported by substantial evidence, or otherwise not in accordance with law?

[¶ 11] The Department filed a reply to Porter's petition for review. The district court entered its order establishing a briefing schedule, and the parties filed their briefs. On July 23, 2009, the district court issued its "Decision Letter":

Enclosed you will find a certified copy of the Order of Reversal for Agency Inaction entered in the referenced case. As you can see, the Order finds that pursuant to the Town of Evansville's Employee Handbook and Chapter 2 of the Ordinances of the Town of Evansville, the Petitioner is entitled to an informal hearing and a post-termination hearing in connection with the termination of his employment with the Town of Evansville Police Department, that the failure and refusal of the Town of Evansville Police Department and Town of Evansville to follow the required procedures in providing for such hearings constitutes agency inaction subject to reversal, and that the matter must be remanded for the required hearings to be held.

### Issues

The issues presented for review by Petitioner Lonnie Porter are stated as follows:

Issue # 1

Was Lonnie Porter entitled to notice of the right to request an informal hearing before the appointing authority prior to the effective date of his termination, a pre-termination hearing, and a tape recorded record of the pre-termination hearing, as required by the administrative rules and Ordinances of the Town of Evansville, Wyoming law, and the U.S. Constitution?

Issue # 2

Was Lonnie Porter entitled to a post-termination hearing in front of the Evansville Town Council or a hearing examiner to determine whether the termination should be upheld as required by the administrative rules and Ordinances of the Town of Evansville, Wyoming law, and the U.S. Constitution?

Respondent Town of Evansville Police Department delineates the issues somewhat differently, and states them to be:

ISSUE ONE—Was a final or appealable judgment or order entered by the Town of Evansville from which an appeal could be taken to the District Court by a petition for review?

ISSUE TWO—Was a Notice of Appeal properly served on the Appointing Authority, thereby entitling Mr. Porter to a review hearing before the Governing Body of the Town of Evansville?

---

1. "Something asserted but not proved." Black's Law Dictionary 905 (9th ed. 2009).

ISSUE THREE—Are there proceedings or issues of fact, or a decision, made by the Town of Evansville, from which an appeal can be taken to the District Court by a petition for review.

### Facts and Procedural Background

Petitioner Lonnie Porter (hereinafter "Mr. Porter") was a police officer for a total of twenty-six (26) years, and worked for the Police Department of the Town of Evansville for seven (7) years. He held the rank of Sergeant and supervised other officers. Mr. Porter asserts that he was the most experienced officer in the Department, that he supervised and trained other officers, and that he handled the Department's only police dog.

Two of Mr. Porter's fellow officers accused him of wrongdoing on the job. As a result, on February 7, 2008, a meeting was held at which the Chief of Police conversed with Mr. Porter concerning the allegations. Present at the meeting were the Chief of Police, a Lieutenant with the Police Department, Mr. Porter, and Mr. Porter's attorney. There is no recording of the meeting, but it is agreed that the parties discussed reports that included that Mr. Porter had slept during his entire shift on December 25, 2007, and that he allowed a training officer to conduct solo traffic stops. Also, the parties agree that at the meeting Mr. Porter denied any wrongdoing, but did admit to sleeping on his lunch break (which he asserts was permissible) and to allowing a training officer to perform solo traffic stops because the trainee was fully trained and qualified to do so.

On February 12, 2007, Mr. Porter was terminated from his employment. On that date, he was presented with a letter outlining the reasons for his termination. The letter includes the following advisement:

Effective this date your services as a sworn peace officer for the Town of Evansville is hereby terminated. This decision is based on recent violations of Departmental Policies and Procedures, to include officer safety issues, conduct unbecoming an officer with possible criminal implications and dereliction of

duty. Additionally prior past discipline and performance were considered in this decision. Your recent actions do not portray those of an individual with your tenure as a law enforcement officer.

The letter also referenced the Town of Evansville's rules and regulations in explaining that the termination was a discharge "for cause," and it contained the following statement advising Mr. Porter of his right to appeal the decision:

In accordance with the Town of Evansville Employee Handbook, you have the right to an appeal in matters of suspension without pay and or termination actions. It is your responsibility to follow the appropriate procedures set forth in Section 3: Appeal Procedures of the Town of Evansville Handbook.

After a number of communications between legal counsel for the parties, Mr. Porter submitted a Notice of Appeal to the Mayor and to the attorney for the Town of Evansville. The Notice of Appeal requested a post-termination hearing as provided in the Employee Handbook. The Notice of Appeal was dated February 27, 2009, and sent certified mail to Mayor Phil Hinds of the Town of Evansville, and copied to the attorney for the Town of Evansville. The Notice of Appeal included the information required under Section 3 of the Employee Handbook of the Town of Evansville. Anticipating that the Town of Evansville was in agreement with the holding of a post-termination hearing, Mr. Porter's attorney submitted a disclosure statement and other filings in advance of any hearing to be held. However, legal counsel for the Town of Evansville advised that the hearing would not be held because it was determined that "the Mayor and Council do not have jurisdiction to hear and consider Mr. Porter's attempted appeal." A letter from the lawyer for the Town of Evansville dated August 20, 2008, contained the following advisements:

You have raised the issue of a requested informal hearing before the appointing authority prior to termination. Mr. Porter made the request, was granted the request, and retained you as his

attorney to attend the informal hearing, before Chief Gentile, held on February 7, 2008. Mr. Porter was then terminated on February 12, 2008, after the informal hearing and due consideration of all the circumstances by Chief Gentile.

\*      \*      \*

The Town of Evansville Employee Handbook requires the notice of appeal to be served on the appointing authority. The appointing authority can be an elected official or department head, by definition. As the title implies, the appointing authority is the person appointing or hiring the individual, which is the employee. Mr. Porter was hired/appointed by Chief of Police Gentile, not Mayor Hinds. Mayor Hinds was not the Mayor when Mr. Porter was hired. Mayor Hinds could not have been the appointing authority. Mr. Porter knew this.

As you know, the law concerning filing appeals is absolutely clear: if the notice of appeal is defective, such as timeliness or service, there [is] not an appeal, the appeal does not exist. Time has run in this matter to appeal. I have advised the Mayor that in my opinion the appeal was not perfected, and therefore the Town does not have jurisdiction to hear or consider an appeal from Mr. Porter.

It is from those determinations that the requested review in this action was timely brought.

### Standard of Review

The issues presented by the parties for review in this case are questions of law to be reviewed de novo. An agency's conclusions of law are to be affirmed if they are in accordance with the law. *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 26, 188 P.3d 554, 562 (Wyo.2008). A reviewing court does not defer to the agency's determination on issues of law; instead, it must correct any error made by the agency in either interpreting or applying the law. *Three Sons LLC v. Wyoming Occupational Health and Safety Commission,* 2007 WY 93, ¶ 11, 160 P.3d 58, 63 (Wyo.2007).

### Discussion

At the outset, this judge has struggled with the approach to be undertaken in making the requested review of this matter. Most commonly, there is an agency order setting forth the decision or ruling to be reviewed. Pursuant to Rule 12.06(e) of the Wyoming Rules of Appellate Procedure, a copy of the agency decision is to be attached as an appendix to the petition for review of an administrative decision. While the record does contain items of correspondence from the legal counsel for the Town of Evansville, there is no actual written order or decision identified for review as contemplated by the Wyoming Administrative Procedure Act and the Wyoming Rules of Appellate Procedure.

The above-stated concern is alleviated in the case at hand by the provisions of Wyo. Stat. Ann. § 16–3–114(a) and Rule 12.01 of the Wyoming Rules of Appellate Procedure which expressly authorize judicial review of agency inaction. *Painter v. Spurrier,* 969 P.2d 548, 549 (Wyo.1998). Wyoming case law holds that after a reasonable period of time, agency inaction is deemed a denial of a request, so as to authorize judicial review of agency inaction under the Administrative Procedure Act. *Whiteman v. Wyoming Workers' Safety and Compensation Division,* 984 P.2d 1079, 1082 (Wyo.1999). That legal principle has application to the matter hereunder review where we have agency inaction in the form of the denial of a request for a hearing or hearings. *Harris v. Schuetz,* 948 P.2d 90[7], 908 (Wyo.1997).

Additionally, there is a threshold question of the enforceability of the provisions of the Town of Evansville Employee Handbook urged to be the basis of one of the claims of agency inaction in this matter. The definition found at Wyo. Stat. Ann. § 16–3–101(b)(i) supports the Petitioner's position that the Town of Evansville Police Department is an administrative agency. Further, it is legally established that an administrative agency is without authority to deviate from its adopted personnel rules. *Antelope Valley Improvement v. State Board of Equalization for the State*

*of Wyoming,* 992 P.2d 563, 566 (Wyo.1999). Administrative rules and regulations have the force and effect of law, and agencies are, therefore, required to comply with their administrative rules. *Goedert ex rel. Wolfe v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 991 P.2d 1225, 1227 (Wyo.1999) (citing *MB v. Laramie County Department of Family Services in the Interest of LB,* 933 P.2d 1126, 1130 (Wyo.1997), and *Fullmer v. Wyoming Employment Security Commission,* 858 P.2d 1122, 1123–24 (Wyo.1993)).

Mr. Porter urges in this appeal that the applicable rules, regulations, and ordinances require both a per-termination hearing and post-termination hearing in connection with the termination of his employment with the Town of Evansville Police Department. He contends that he was given neither.

With respect to the requirement for what is referenced as a "pre-termination hearing," the personnel regulations found at Chapter XII, Section 2.C of the Employee Handbook require:

> Termination. An employee's employment may be terminated by the appointing authority or his designated agent upon recommendation of the employee's department head for an infraction of a severe nature or a repeated infraction following earlier disciplinary action. Notice of termination shall be in writing, stating the specific details of the infraction(s), earlier disciplinary action taken for other, similar infraction(s) (if appropriate), reasons for the termination action, the effective date, **and notice of the right to request an informal hearing before the appointing authority prior to the effective date of termination. Prior to termination (except in an emergency when immediate action is required), the employee may request an informal hearing before the appointing authority, which the employee and department head shall attend, for purposes of determining whether there is reasonable cause for termination. A tape recorded record of the informal hearing shall be maintained.** The reasons for termination shall be documented, and a copy given to the employee, who shall initial or sign, and date the documentation to acknowledge receipt only. The documentation shall be included in the employee's permanent personnel file. (Emphasis added).

The express provisions of the Employee Handbook require that there be (a) notice of termination in writing, (b) notice of the right to request an informal hearing before the appointing authority prior to the effective date of termination, (c) if requested, an informal hearing to be attended by the employee and department head for a determination whether there is reasonable cause of termination, (d) a tape recorded record of the informal hearing, and (e) documentation of the reasons for termination.

While it may be urged that the February 7, 2008 meeting attended by the Chief of Police, a Lieutenant with the Police Department, Mr. Porter, and Mr. Porter's attorney, was an informal hearing pursuant to Chapter XII, Section 2.C of the Employee Handbook, there was a lack of compliance with several of the above-noted requirements. There was no advance written notice of termination, no notice of the right to request an informal hearing before the effective date of termination, and no tape recorded record as required under the regulations. As a result, it is necessary to conclude that an informal hearing was not held in accord with the Town of Evansville's adopted procedural requirements. When a procedural rule bears on an individual right, "the rule is binding on the agency and may not be violated or ignored because the rule is not a mere internal housekeeping arrangement." *Cook v. Zoning Board of Adjustment for the City of Laramie,* 776 P.2d 181, 188 (Wyo.1998 [1989] ) (Golden, J., concurring in part and dissenting in part) (citing *Brookhaven Housing Coalition v. Kunzig,* 341 F.Supp. 1026, 1027 (E.D.N.Y. 1972)).

Further, it is evident that a post-termination hearing before the governing body of the Town of Evansville was not held in

this matter pursuant to the Town of Evansville's ordinances. Chapter 2 of the Ordinances of the Town of Evansville, at Article 23, requires the following regarding the discharge of an employee for cause:

(b) If a Town employee is discharged for incompetency, neglect of duty, or other good cause, the department head shall deliver to the employee a written notice of discharge. Said notice shall contain:

(i) written reasons for discharge; and

(ii) a notice that the employee has 10 days from the date of said discharge to request a hearing before the governing body.

**(c) Every employee who has been discharged for incompetency, neglect of duty, or other good cause shall be entitled to a hearing before the Governing Body within 30 days after the discharge by requesting the same, in writing, within 10 days of the date of the discharge.** (Emphasis added).

Since the February 12, 2007 letter to Mr. Porter stated that he was being discharged for cause, the quoted Ordinance has application to his termination. As a result, Mr. Porter was entitled to a hearing before the governing body within thirty (30) days after his discharge by requesting the same in writing within ten (10) days of that date. While there are legitimate questions raised concerning the timeliness and sufficiency of service of the Notice of Appeal by Mr. Porter upon the Mayor and the attorney for the Town of Evansville and Town of Evansville Police Department, it cannot be concluded that such was defective so as to preclude the right to the requested hearing. The appeal process in an administrative review is not as rigidly construed as appeals from a court; as long as all necessary parties are notified of the appellant's desire for an appeal, service is effective. See *Kittles v. Rocky Mountain Recovery, Inc.*, 1 P.3d 1220, 1223 (Wyo. 2000); and *In re Discipline of Cook*, 2007 WY 178, ¶ 18, 170 P.3d 122, 126–27 (Wyo. 2007). Considering all the facts of record relative to Mr. Porter's request for appeal of the termination of his employment, in-

cluding the consent of the attorney for the Town of Evansville for an extension of the ten (10) day deadline to request a hearing, this court would find that the requirements of Article 23 of Chapter 2 of the Ordinances of the Town of Evansville were sufficiently invoked to require the post-termination hearing. As a result, the inaction of the Town of Evansville Police Department in failing to provide the required hearing before the governing body must be reversed, with the matter remanded to afford the rights prescribed by the Town of Evansville's own ordinance.

### Conclusion

The necessary conclusion is that this matter must be reversed and remanded to the Town of Evansville Police Department and Town of Evansville to afford Mr. Porter the hearings required under the Town of Evansville's Employee Handbook and Chapter 2, Article 23, of the Ordinances of the Town of Evansville. As referenced in this Decision Letter, the law mandates strict compliance with the requirements of the Employee Handbook and Town Ordinances in the holding of the proceedings provided for therein.

The district court's "Order of Reversal for Agency Inaction" was filed that same day. The Department timely filed its notice of appeal.

[¶ 12] On November 16, 2009, the same day the Department e-filed its brief in this Court, the Department e-filed in this Court its motion asserting that the district court had erred in its decision below by relying on Chapter 2, Article 23 of the Ordinances of the Town of Evansville, which had been superseded in September 1996 by Ordinance 9–96, and asked this Court to take judicial notice of the latter ordinance, stay the appeal or remand the matter to the district court for consideration of the Department's motion pursuant to W.R.C.P. 60(b) which it had recently filed in the district court. On December 8, 2009, this Court issued its order which denied without prejudice the Department's motion to take judicial notice of the applicable ordinance, denied the Department's motion for a remand for further proceedings,

stayed briefing in the appeal until further notice, ordered the Department to keep this Court apprised of the status of its W.R.C.P. 60(b) motion in the district court, and ordered the Department to provide this Court with a copy of the district court's order determining that motion. In the district court, the parties filed pleadings concerning the motion and the district court held its hearing. On April 15, 2010, the district court issued its order denying the motion:

### ORDER DENYING MOTION FOR RELIEF FROM ORDER

THIS MATTER coming before the Court for hearing on April 8, 2010; and Petitioner Lonnie Porter being represented by his attorney, Keith R. Nachbar; and Respondent Town of Evansville Police Department being represented by its attorneys, Judith A. Studer and Phillip T. Willoughby; and the Court having before it for its consideration Respondent's Motion for Relief from Order filed November 16, 2009; and the Court having reviewed the Motion for Relief from Order, Petitioner's Opposition to Respondent's Motion for Relief from Order, and Respondent's Reply to Petitioner's Opposition to Motion for Relief from Order, having taken judicial notice of Ordinance No. 9–96 Ordinance Adopting Employee Handbook—Personnel Rules and Regulations, pp. 65 and 66 of the Town of Evansville Employee Handbook, and Chapter 2 Administration Article 23—Employment Policies (Exhibits 1, 2, and 3 to the Affidavit of Jannelle Underwood), having considered the argument of counsel, and being advised in the premises, finds: (a) that the motion is brought pursuant to Rule 60(b) of the Wyoming Rules of Civil Procedure, and that no authority has been cited to support the granting of the requested relief in a judicial review/appeal; (b) that the motion was not determined within ninety (90) days after filing, and is deemed denied pursuant to Rule 6(c)(2) of the Wyoming Rules of Civil Procedure and *Paxton Resources L.L.C. v. Brannaman*, 2004 WY 93, 95 P.3d 796 (Wyo.2004); (c) even if the motion were to be considered under Rule 60(b) of the Wyoming Rules of Civil Procedure, no sufficient showing has been made of a reason or ground to grant relief from the Decision Letter and Order of Reversal for Agency Inaction entered upon full review of this matter; (d) that even if the Court's reliance upon Ordinance 9–96 of the Town of Evansville was in error, the Court's ruling that agency inaction on the part of Respondent Town of Evansville Police Department and the Town of Evansville in refusing to properly hold an initial hearing and a post-termination hearing on the termination of the employment of Petitioner pursuant to the Town of Evansville's Employee Handbook would be the same; and (e) that accordingly, the Motion for Relief from Order should be denied.

[¶ 13] The Department timely filed its notice of appeal of that order. This Court then entered its order consolidating both cases for argument and decision.

### STANDARD OF REVIEW

[¶ 14] The Department is an "agency" as that term is defined by the Wyoming Administrative Procedure Act. Wyo. Stat. Ann. § 16–3–101(b)(i) (LexisNexis 2009) (" 'agency' means any ... department ... of ... a ... town ... of the state"). Under Wyo. Stat. Ann. § 16–3–114(a) (LexisNexis 2009), "any person aggrieved or adversely affected in fact ... by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court for the county in which the administrative action or inaction was taken." The provisions of W.R.A.P. 12 and 13 pertain to judicial review of administrative action. Judicial review "shall be limited to a determination of the matters specified in Wyo. Stat. 16–3–114(c)." W.R.A.P. 12.09. The matters specified in § 16–3–114(c) are:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statuto-

ry provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2009). Under Wyo. Stat. Ann. § 16–3–115 (LexisNexis 2009), an aggrieved party may obtain review of any final judgment of the district court under the Wyoming Administrative Procedure Act by appeal to this Court. We structure our review as though the appeal were directly from the agency, giving no special deference to the decision of the district court, and we apply the same standard of review used by the district court under § 16–3–114(c). *Escarcega v. State ex rel. Wyo. Dep't of Transp.*, 2007 WY 38, ¶ 6, 153 P.3d 264, 267 (Wyo.2007). "We do not ... defer to an agency's conclusions of law. If the correct rule of law has not been correctly applied, the agency's errors are to be corrected." *Pine Bar Ranch, LLC v. Luther*, 2007 WY 35, ¶ 8, 152 P.3d 1062, 1065 (Wyo.2007) (quoting *Wagstaff v. Sublette County Bd. of County Comm'rs*, 2002 WY 123, ¶ 7, 53 P.3d 79, 81 (Wyo.2002)).

## DISCUSSION

[¶ 15] At the heart of the Department's argument in these consolidated appeals is its assertion that Porter's failure to submit his notice of appeal dated February 27, 2008, to the police chief, his appointing authority, as required by Section 3, Chapter XII, Ordinance 9–96, which was adopted September 9, 1996, and superseded Article 23 of Chapter 2 of the Town of Evansville Ordinances, deprived the Town's governing body of jurisdiction to consider Porter's post-termination appeal of the police chief's termination decision set forth in his letter dated February 12, 2008, and, in turn, deprived the district court of subject matter jurisdiction to consider Porter's petition for review filed September 11, 2008, and to enter its order reversing the Department's (police chief) termination decision and remanding to the Department (police chief) to afford Porter the procedural due process to which he is entitled under Section 2.C., Chapter XII, Ordinance 9–96.

[¶ 16] We reject the Department's argument. The pre-termination procedural due process requirements of Section 2.C., Chapter XII, Ordinance 9–96, are quite clear. There must be a written notice of termination delivered to the employee. That written notice must state:

1. the specific details of the infractions;

2. earlier disciplinary action taken for other, similar infractions, if appropriate;

3. reasons for the termination action;

4. the effective date of the termination;

5. notice of the employee's right to request an informal hearing before the appointing authority prior to the effective date of termination.

[¶ 17] When the employee receives this written notice of termination before the effective date of termination, the employee may then request an informal hearing before the appointing authority "for purposes of determining whether there is reasonable cause for termination." This informal hearing is commonly known as a pre-termination hear-

ing. Importantly, "[a] tape recorded record of the informal hearing shall be maintained."

■ [¶ 18] The Department (police chief) failed to comply with any of these pre-termination procedural due process requirements. "Administrative rules and regulations have the force and effect of law, and agencies are, therefore, required to comply with their administrative rules. *MB v. Laramie County Department of Family Services in the Interest of LB*, 933 P.2d 1126, 1130 (Wyo.1997); *Fullmer v. Wyoming Employment Security Commission*, 858 P.2d 1122, 1123–24 (Wyo. 1993)." *Goedert ex rel. Wolfe v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 991 P.2d 1225, 1227 (Wyo.1999). We agree with that said in *Vitarelli v. Seaton*, 359 U.S. 535, 540, 79 S.Ct. 968, 973, 3 L.Ed.2d 1012 (1959), that in proceedings of this nature "scrupulous observance of departmental procedural safeguards is clearly of particular importance." The guiding principle of procedural due process is that the requisite pre-termination hearing be granted "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Here, even the Department's (police chief) oral calling of Porter into his office on February 7, 2008, was abrupt and uninformative. The purpose of the requirements of written notice of the specific charges and having the subject employee request a pre-termination hearing is to allow that employee to marshal his case against the terminating actor. Absent suitable written notice, as required by the departmental procedural safeguards in place here, the opportunity for Porter to marshal his case and be meaningfully heard before termination was a charade. Although the briefs tell us that at the February 7 meeting called by the police chief, several allegations against Porter were identified, it is clear that the police chief's February 12 termination letter expanded considerably the breadth of reasons for taking termination action. Had the Department (police chief) delivered that letter to Porter at the outset so that Porter could marshal his response to the contents of that letter and then request the pre-termination hearing to which he was entitled, per-

haps this case would be in a different posture. But that was not to be.

■ [¶ 19] It will not do for the Department to assert that Porter could have cured the Department's violation of his pre-termination procedural due process rights had he but correctly and timely met the requirements of the post-termination procedures prescribed in Section 3, Chapter XII, Ordinance 9–96, and submitted his notice of appeal to the police chief as the appointing authority. We agree with that said in *Cotnoir v. University of Maine Systems*, 35 F.3d 6, 12 (1st Cir.1994):

> Where an employee is fired in violation of his due process rights, the availability of post-termination grievance procedures will not ordinarily cure the violation. *Kercadó–Meléndez v. Aponte–Roque*, 829 F.2d 255, 263 (1st Cir.1987) (citing *Schultz v. Baumgart*, 738 F.2d 231, 237 (7th Cir. 1984)), *cert. denied*, 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988). Thus, even where a discharged employee receives a post-termination hearing to review adverse personnel action, the pre-termination hearing still needs to be extensive enough to guard against mistaken decisions, and accordingly, the employee is entitled to notice, an explanation of the employer's evidence, and an opportunity to present his side of the story. *See [Cleveland Bd. of Educ. v.] Loudermill*, 470 U.S. [532] at 546, 105 S.Ct. [1487] at 1495 [84 L.Ed.2d 494 (1985)]; *Brasslett [v. Cota]*, 761 F.2d [827] at 836 [(1st Cir.1985)]. If an employee is fired without these pre-termination protections, normally the constitutional deprivation is then complete. *Kercadó–Meléndez*, 829 F.2d at 263. Thus, the post-termination grievance procedures which the individual defendants provided to Cotnoir could not compensate for a lack of pre-termination process afforded Cotnoir.

[¶ 20] We hold that the Department's termination of Porter's employment as a police officer violated his pre-termination procedural due process rights and remand to the district court with directions that it issue its order ordering the Department immediately

to reinstate Porter to that employment effective February 12, 2008.