2012 WY 81

**Cynthia A. NICHOLSON, a Wyoming individual, Appellant (Petitioner),**

v.

**DEPARTMENT OF EMPLOYMENT, UNEMPLOYMENT INSURANCE COMMISSION, Appellee (Respondent).**

No. S–12–0117.

Supreme Court of Wyoming.

June 13, 2012.

ORDER DISMISSING APPEAL

MARILYN S. KITE, Chief Justice.

[¶ 1]  **This matter** came before the Court upon a "Motion to Dismiss Appeal," which was e-filed herein May 21, 2012.  The Court, having carefully reviewed the motion, the "Memorandum of Law in Support of Appellee's Motion to Dismiss Appeal," Appellant's "Opposition to Motion to Dismiss Appeal," and the file, finds that the captioned appeal should be dismissed.

[¶ 2]  Through these proceedings, Appellant is attempting to challenge an agency decision denying her claim for unemployment benefits.  Appellant filed a timely petition for review of agency action, pursuant to W.R.A.P. 12.  The district court dismissed the petition, due to procedural deficiencies.  The district court entered its "Order Granting Motion to Dismiss" on February 28, 2012.

[¶ 3]  Nine days later, on March 8, 2012, Appellant filed a "Motion for Reconsideration Based on Wyoming Rules of Civil Procedure, Rule 60 & 61 and Wyoming Rules of Appellant [sic] Procedure, Rule 9.04."  On April 5, 2012, the district court entered its "Order Denying Motion for Reconsideration."  Appellant filed a notice of appeal on April 24, 2012, to challenge the Order Denying Motion for Reconsideration.  She has not filed a notice of appeal to challenge the "Order Granting Motion to Dismiss."

[¶ 4]  After this appeal was docketed, Appellee (Commission) promptly filed a motion to dismiss.  The Commission argues that Appellant's motion for reconsideration was a nullity, making the Order Denying Motion for Reconsideration a nullity as well.  The Commission relies on *Plymale v. Donnelly,* 2006 WY 3, ¶¶ 7, 10, 125 P.3d 1022, 1024–25 (Wyo.2006), where this Court wrote: "Henceforth, we will enforce the Wyoming Rules of Civil Procedure as written and consider post-judgment motions for reconsideration, so denominated, a nullity."  * * * * *  "The obvious consequence of categorizing a motion for reconsideration as a nullity is that 'all judgments or final orders from said motion are a nullity.' "  This Court concludes that, even if the motion for reconsideration is not a nullity based on how the motion was styled, the motion was not an authorized motion under court rules.

[¶ 5]  With regard to W.R.C.P. 60(b), this Court has never addressed this question: When a district court enters a final judgment in a W.R.A.P. 12 agency appeal, can a party file a W.R.C.P. 60 motion to set aside the district court's judgment?  This Court has never squarely addressed this issue, although it was referenced in *Town of Evansville Police Dept. v. Porter,* 2011 WY 86, ¶ 12, 256 P.3d 476, 484 (Wyo.2011).

[¶ 6]  After examining the Rules of Appellate Procedure, including W.R.A.P. 12, this Court concludes that a Rule 60 motion is not an avenue available to mount a challenge to a district court's final decision in an agency appeal.  The scope W.R.A.P. 12 is described in this rule:

W.R.A.P. 12.01.  Generally

   To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by that agency, may obtain such review as provided in this rule.  All appeals from administrative agencies shall be governed by these rules.

[¶ 7]  This rule says nothing about whether or not civil rules should apply to agency appeals.  However, if the civil rules were intended to apply in agency appeals, then it would not be necessary for W.R.A.P. 12 to specifically state that certain civil rules apply in W.R.A.P. 12 cases.  See W.R.A.P. 12.03(b) ("Copies of the petition shall be served without unnecessary delay upon the agency and all parties in accordance with Rule 5, Wyo. R. Civ. P."); W.R.A.P. 12.04(d) ("Written evidence disclosing the portions of the transcript ordered and compliance with this paragraph shall be served upon the agency and all parties as provided in Rule 5, Wyo.R.Civ. P."); W.R.A.P. 12.05 ("If the stay involves an order preventing an agency or another party from committing or continuing an act or course of action, the provisions of Rule 65,

Wyo.R.Civ.P., relating to injunctions shall apply.")

[¶ 8] Also, there is nothing in the civil rules that indicate those rules extend to agency appeals. The scope of the civil rules is defined in Rule 1:

W.R.C.P. 1. Scope and Purpose of Rules

These rules govern procedure in all courts of record in the State of Wyoming, in all actions, suits or proceedings of a civil nature and in all special statutory proceedings except as provided in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Taking these rules together, this Court concludes that a Rule 60 motion is not available to challenge a district court judgment in a W.R.A.P. 12 case.

[¶ 9] In her *pro se* opposition to the motion to dismiss, Appellant argues that her motion to reconsider was actually an application for rehearing under W.R.A.P. 9.07 and that her motion was timely under that rule. Even if this Court were to consider Appellant's motion as an application for rehearing, this Court concludes that neither a W.R.A.P. 9.07 petition for rehearing nor a W.R.A.P. 15 petition for reinstatement is available in a W.R.A.P. 12 case. Much like the case with a Rule 60 motion, if the other appellate rules were intended to apply to a W.R.A.P. 12 case, then it would be unnecessary for W.R.A.P. 12 to specify that other appellate rules apply in a W.R.A.P. 12 case. See W.R.A.P. 12.10; 12.11(b); 12.09(b)(6). Also, this Court finds it significant that there is no rule that permits a petition for rehearing or reinstatement to essentially toll the time for filing an appeal from the district court's W.R.A.P. 12 decision. Compare W.R.A.P. 12.04(a) ("In a contested case, or in an uncontested case, even where a statute allows a different time limit on appeal, the petition for review shall be filed within 30 days after service upon all parties of the final decision of the agency or denial of the petition for a rehearing, or, if a rehearing is held, within 30 days after service upon all parties of the decision."); Compare also W.R.A.P. 2.02 and 2.03. Instead, there appears to be only one avenue for review of a district court's deci-sion in a W.R.A.P. 12 agency appeal—an appeal to this Court. W.R.A.P. 12.11(a) ("An aggrieved party may obtain review of any final judgment of the district court by appeal to the supreme court.")

[¶ 10] This Court concludes that, even if Appellant's motion is not a nullity based on how it was styled, a district court's judgment in a W.R.A.P. 12 case is not subject to challenge through a W.R.C.P. 60 motion, a W.R.A.P. 9.07 application for rehearing, or a W.R.A.P. 15 petition for reinstatement. It is, therefore,

[¶ 11] **ORDERED** that the captioned appeal be, and hereby is, dismissed.

[¶ 12] DATED this 13th day of June, 2012.